1   JAMES G. KREISSMAN, 206740
    jkreissman@stblaw.com
2   SIMONA G. STRAUSS, 203062
    sstrauss@stblaw.com
3   THOMAS D. STOUT, 241348
    tstout@stblaw.com
4   SIMPSON THACHER & BARTLETT LLP
    2550 Hanover Street
5   Palo Alto, California  94304
    Telephone: (650) 251-5000
6   Facsimile:  (650) 251-5002

7   Attorneys for Defendants Richard S. Fuld,
    Jr., Michael L. Ainslie, Roland A.
8   Hernandez, David Goldfarb, John F. Akers,
    Roger S. Berlind, Joseph M. Gregory,
9   Thomas H. Cruikshank, Marsha Johnson
    Evans, Henry Kaufman, John D. Macomber,
10  Thomas A. Russo, and Christopher M.
    O'Meara

11  *Additional counsel listed on signature page*

12

13                  UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16  **OPENWAVE SYSTEMS INC.,**                  Case No. C 08-05683-SI

17                        **Plaintiff,**        **REPLY MEMORANDUM OF
                                                POINTS AND AUTHORITIES IN
18            **v.**                            FURTHER SUPPORT OF
                                                DIRECTOR AND OFFICER
19  **RICHARD S. FULD, JR., MICHAEL L.          DEFENDANTS' MOTION TO
    AINSLIE, ROLAND A. HERNANDEZ, DAVID         DISMISS OPENWAVE'S
20  GOLDFARB,  JOHN F. AKERS, ROGER S.          COMPLAINT PURSUANT TO FRCP
    BERLIND, JOSEPH M. GREGORY, THOMAS          12(b)(2) AND FRCP 12(b)(6) AND
21  H. CRUIKSHANK,  MARSHA JOHNSON              MOTION TO STRIKE PURSUANT
    EVANS, HENRY KAUFMAN, JOHN D.               TO FRCP 12(f)**
22  MACOMBER, THOMAS A. RUSSO,
    CHRISTOPHER M. O'MEARA, MICHAEL             Date:        April 24, 2009
23  GELBAND, ALEX KIRK, MELISSA CONROY          Time:        9:00 a.m.
    WHITNEY, TIM FORD, and DOES 1 - 50,**       Judge:       Honorable Susan Illston
24  **inclusive,**                             Courtroom:  10, 19th Floor

25                        **Defendants.**       [Reply RJN and Supplemental RJN filed
                                                concurrently herewith]
26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................. 1

I.    OPENWAVE HAS NOT MET ITS BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER THE NON-CALIFORNIA DEFENDANTS ................................................................................................. 1

    A.    Openwave Cannot Base Personal Jurisdiction On An Amorphous "Plan" ........................................................................................ 2

    B.    Openwave Has Not Alleged Any Facts Demonstrating That The Non-California Defendants Purposefully Availed Themselves Of The Privilege Of Conducting Activities In California ........................................... 3

    C.    Openwave Has Not Alleged That The Non-California Defendants Purposefully Directed Activities At California Residents ........................... 4

    D.    The Court Should Not Allow Jurisdictional Discovery ................................. 5

II.    OPENWAVE FAILS TO STATE ANY CLAIMS FOR RELIEF AGAINST THE DIRECTOR AND OFFICER DEFENDANTS ................................................ 6

    A.    Rule 9(b) Applies To All Of The Claims In The Complaint ......................... 6

    B.    Openwave Fails To State A Claim Under Counts 1 And 5 (§§ 25401, 25504) .......................................................................................... 7

          1.    Openwave Fails to Adequately Plead That the Director and Officer Defendants Are *Primarily* Liable for a Violation of § 25401 ............................................................................................ 7

          2.    Openwave Fails to Adequately Plead That the Director and Officer Defendants Are *Secondarily* Liable for a Violation of § 25401 ............................................................................................ 8

              (a)    Openwave fails to adequately plead misleading statements ........................................................................ 8

              (b)    Openwave does not adequately allege privity with Lehman ................................................................................ 9

              (c)    Openwave fails to plead facts sufficient to establish that the Director and Officer Defendants are liable as control persons under § 25504 .......................................... 10

    C.    Openwave Fails To State A Claim Under Counts 3 And 7 (Negligent Misrepresentation, Fraud) ....................................................................... 12

    D.    Openwave Fails To State A Claim Under Count 4 (§§ 25400, 25500) ....... 14

E.      Openwave Fails To State A Claim Under Count 8 (Fraudulent Concealment) .............................................................................. 14

CONCLUSION ...................................................................................................... 15

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

4

*A&D Supermarkets, Inc. No. 2 v. United Food & Commercial Workers Local Union 880*, 732 F. Supp. 770 (N.D. Ohio 1989) .................................................... 13

5

*ADP Inc. Dealer Servs. Group v. Truck Country of Iowa, Inc.*, No. 07-CV-1002, 2008 WL 53671 (N.D. Iowa Jan. 2, 2008) .................................................... 9

6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) .......................... 4

7

*Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) .................................................... 15

8

9

*Baytree Capital Assoc. v. Quan*, No. CV 08-2822, 2008 WL 4447647 (C.D. Cal. Sept. 29, 2008) .................................................... 13

10

*Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598 (6th Cir. 2005) .................................................... 15

11

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .................................................... 5

12

*China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*, No. C-05-01793, 2005 U.S. Dist. LEXIS 46137 (N.D. Cal. June 27, 2005) .................................................... 2

13

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) .................................................... 8

14

15

*Deitz v. Comcast Corp.*, No. C 06-06352, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) .................................................... 7

16

*Druyan v. Jagger*, 508 F. Supp. 2d 228 (S.D.N.Y. 2007) .................................................... 13

17

*Durham v. Kelly*, 810 F.2d 1500 (9th Cir. 1987) .................................................... 11

18

*Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002) .................................................... 7

19

*Foley v. Marquez*, No. C 03-2481 SI, 2004 WL 603566 (N.D. Cal. Mar. 22, 2004) .................. 4

20

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 483 F. Supp. 2d 869 (E.D. Tenn. 2006) .................................................... 9

21

*In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453 (S.D.N.Y. 2008) .................................................... 3

22

*In re Cendant Corp. Sec. Litig.*, 190 F.R.D. 331 (D.N.J. 1999) .................................................... 7

23

*In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005) .................................................... 6

24

25

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No C-02-1486, 2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) .................................................... 3, 5

26

*In re GlenFed, Inc.*, 60 F.3d 591 (9th Cir. Cal. 1995) .................................................... 13

27

*In re Harmonic, Inc.*, 163 F. Supp. 2d 1079 (N.D. Cal. 2001) .................................................... 7

28

*In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138, 2006 U.S. Dist. LEXIS 61589 (N.D. Cal. Aug. 17, 2006) .................................................... 6

*In re Technical Equities Fed. Sec. Litig.*, No. 86-20157, 1989 U.S. Dist. Lexis 18405 (N.D. Cal. Aug. 22, 1989) .......................................................................... 11

*In re Wireless Facilities, Inc. Deriv. Litig.*, 562 F. Supp. 2d 1098 (S.D. Cal. 2008)...................... 3

*In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407 (9th Cir. 1994)................................................ 15

*j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C-08-4254, 2009 U.S. Dist. LEXIS 1616 (N.D. Cal. Jan. 5, 2009)............................................................................................ 4

*Kainos Labs v. Beacon Diagnostics*, No. C 97-4618, 1998 WL 2016634 (N.D. Cal. Sept. 14, 1998) ...................................................................................................................... 10

*Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319 (S.D.N.Y. 1998) ................................................ 2–3

*Kassover v. UBS*, No. 08 CV 02753, 2008 WL 5331812 (S.D.N.Y. Dec. 19, 2008) .................... 7

*Leason v. Berg*, No. 89-15379, 1991 WL 26483 (9th Cir. Mar. 1, 1991)................................... 11

*LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820 (N.D. Cal. 1992)................................ 3

*Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV 08-3226, 2008 WL 5412431 (C.D. Cal. Dec. 29, 2008) ................................................................................. 5

*Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594 (N.D. Cal. 2007) ........................... 12

*NBD Bank v. Kersey*, No. 99-1851, 2000 U.S. Dist. LEXIS 624 (E.D. La. Jan. 25, 2000)................................................................................................................................... 3

*Olenicoff v. UBS AG*, No. 08-1029, 2009 WL 481281 (C.D. Cal. Feb. 24, 2009) ....................... 7

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006)................................................... 4, 5

*Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158 (C.D. Cal. 1998)............................................................................................................................. 13–14

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .............................. 3, 4

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ....................................................... 12–13, 14

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) .......................................................................... 5

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007)................................................................... 12

*U.S. v. Cathcart*, No. C 07-4762, 2008 WL 4279717 (N.D. Cal. Sept. 15, 2008)...................... 13

*U.S. v. Herrara-Santos*, No. C 07-00764, 2008 WL 1808533 (N.D. Cal. Apr. 21, 2008)................................................................................................................................... 5

*Underhill v. Royal*, 769 F.2d 1426 (9th Cir. 1985) ............................................................... 10–11

*Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .................................................. 6

*Williams v. Conseco, Inc.*, No. 99-0118, 1999 U.S. Dist. LEXIS 20412 (S.D. Ala. Dec. 8, 1999) ........................................................................................................................... 3

*Yen v. Buchholz*, No. C-08-03535, 2009 WL 347007 (N.D. Cal. Feb. 7, 2009)............................3

### STATE CASES

*Abbott v. Ebbers*, No. A100560, 2004 Cal. App. Unpub. LEXIS 1002 (Jan. 30, 2004)................................................................................................................................5

*Apollo Capital Fund v. Roth Capital Partners*, 158 Cal. App. 4th 226 (2007) ........................9

*Bains III v. Moores*, Slip Copy, No. D052533, 2009 WL 723530 (Cal. Ct. App. Mar. 20, 2009)....................................................................................................................11

*Courtney v. Waring*, 191 Cal. App. 3d 1434 (1987) ....................................................11

*Goodman v. Kennedy*, 18 Cal. 3d 335 (1976) ...........................................................15

*Kamen v. Lindly*, 94 Cal. App. 4th 197 (2001) ..........................................................14

*Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167 (2003)........................................................7

*Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773 (1979) ...................................................13

### STATUTES AND REGULATIONS

15 U.S.C. § 77k ..........................................................................................................7

15 U.S.C. § 77*l* ..........................................................................................................7

15 U.S.C. § 77*o* ...............................................................................................1, 10, 11

Cal. Corp. Code § 312(a) .......................................................................................12

Cal. Corp. Code § 25400(b) ..................................................................................14

Cal. Corp. Code § 25401 .............................................................................1, 5, 7, 8

Cal. Corp. Code § 25500 ........................................................................................14

Cal. Corp. Code § 25501 .............................................................................5, 9, 11, 14

Cal. Corp. Code § 25504 ...............................................................................passim

Cal. Corp. Code § 31201 ........................................................................................11

Cal. Corp. Code § 31302 ........................................................................................11

17 C.F.R. § 240.10b-5 .............................................................................................7

### RULES

Fed. R. Civ. P. 8 ........................................................................................................6

Fed. R. Civ. P. 9(b).........................................................................................passim

Fed. R. Civ. P. 12(b)(6)............................................................................................6

1

## **OTHER AUTHORITIES**

2   Harold Marsh, Jr. & Robert H. Volk, *Practice Under the California Securities
    Laws* (2008)...................................................................................................... 14

3

    Oxford English Dictionary Online, Oxford University Press (June 2003) .................................. 14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PRELIMINARY STATEMENT**

2      Having conceded that its federal securities law claims (Counts 2 and 6) should be

3   dismissed,[1] Openwave seeks to salvage the balance of its Complaint through its bald assertion that

4   the Director and Officer Defendants engaged in a worldwide "plan" or "scheme" to defraud all

5   ARS purchasers.  However, the Complaint alleges no facts to substantiate this assertion of a broad

6   plan to defraud, let alone set forth the actions each defendant took as a part of it.  Such formulaic,

7   boilerplate allegations cannot sustain Openwave's remaining claims under any applicable pleading

8   standard, let alone the enhanced requirements of Rule 9(b), which applies to the entire Complaint.

9      In response to the Non-California Defendants' motion to dismiss for lack of personal

10   jurisdiction, Openwave again relies exclusively on its conclusory scheme allegations.  These

11   allegations are insufficient to allege personal jurisdiction because they (i) lack the requisite

12   specificity, (ii) fail to allege acts of purposeful availment by any of the Non-California

13   Defendants, and (iii) fail to allege any acts that were "expressly aimed" at California residents.

14      Finally, Openwave fails to plead "control person" facts sufficient to hold the Director and

15   Officer Defendants liable under § 25504.  First, it has not pled a primary violation of § 25401, a

16   predicate to any § 25504 liability.  Further, while Openwave argues that § 25504 imposes

17   automatic liability on the Director and Officer Defendants, it ignores established federal precedent

18   that the § 25504 control person standard is identical to the control person standard in § 15 of the

19   Securities Act, which requires specific allegations that each defendant exercise actual day-to-day

20   control over the alleged primary violator.  Therefore, its control person claims must be dismissed.

21

**ARGUMENT**

22   **I.      OPENWAVE HAS NOT MET ITS BURDEN OF ESTABLISHING PERSONAL
23           JURISDICTION OVER THE NON-CALIFORNIA DEFENDANTS**

24      Openwave has not pled personal jurisdiction over the Non-California Defendants because

25   it fails to allege (i) specific facts setting forth the Non-California Defendants' actions, (ii) that the

26   Non-California Defendants availed themselves of the privilege of conducting business in

27

28   _____

[1]  Opp. at 3.  Openwave has also agreed to strike its punitive damage claims in Counts 4 and 5.  *Id.*

1   California and/or purposefully directed their actions at California residents and (iii) that its claims

2   against the Non-California Defendants arise out of their forum-related activities.  *See* Mot. at 7–8.

3       **A.**       **Openwave Cannot Base Personal Jurisdiction On An Amorphous "Plan"**

4          In determining whether Openwave has adequately pled personal jurisdiction over the Non-

5   California Defendants, the Court must accept "[o]nly the *well pled* facts of plaintiff's complaint, as

6   distinguished from mere conclusory allegations."  *China Tech. Global Corp. v. Fuller, Tubb,*

7   *Pomeroy & Stokes*, No. C-05-01793, 2005 U.S. Dist. LEXIS 46137, at *10 (N.D. Cal. June 27,

8   2005) (emphasis added).  Rather than offer such facts, Openwave attempts to establish personal

9   jurisdiction by alleging that each Non-California Defendant knew that the ARS market was neither

10   safe nor liquid and worked to hide these facts from all ARS investors worldwide, including

11   California residents.  *See, e.g.*, Opp. at 6, 23, 26.  Openwave pleads no facts to support these

12   claims, alleging no specific actions taken by any Non-California Defendant as part of the plan or

13   how such actions are connected to California.  It therefore fails to satisfy the Ninth Circuit's

14   requirement that it allege *specific acts* connecting a defendant with the forum.  Mot. at 6–7.[2]

15          "Courts have . . . routinely granted 12(b)(2) motions for lack of personal jurisdiction

16   where the plaintiff made only broadly worded and vague allegations about a defendant's

17   participation in the specific matter at hand."  *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324

18   (S.D.N.Y. 1998).  In *Karabu*, plaintiffs alleged that TWA's top management participated in a plan

19   to direct TWA personnel to ensure that plaintiffs would fail in their efforts to sell discount TWA

20   tickets.  *Id.* at 324–25.  The court found the complaint "devoid of any factual specificity indicating

21   how each of the six defendants participated in the allegedly tortious conduct or what role they each

22   played."  *Id.* at 325.  It then held that alleging personal jurisdiction against "the out-of-state

23   officers of a large, multi-national corporation based only upon their title, and absent any good faith

24   basis for believing that they personally participated in the conduct underlying plaintiff's lawsuit"

25

26
27   [2]  Openwave argues that because the Non-California Defendants did not submit declarations
denying involvement in this alleged worldwide scheme to defraud ARS investors, the Court must
accept these facts as true for purposes of considering this motion. Opp. at 22:19–23:6. However,
28   there is no reason to controvert allegations that are neither well-pled nor related to jurisdiction.

1  was a basis for dismissal.  *Id.*  This reasoning applies here with equal force.[3]

2  **B.   Openwave Has Not Alleged Any Facts Demonstrating That The Non-California Defendants Purposefully Availed Themselves Of The Privilege Of Conducting Activities In California**

3

4      A showing "that a defendant purposefully availed himself of the privilege of doing

5  business in a forum state typically consists of evidence of the defendant's actions *in the forum*,

6  such as executing or performing a contract there."  *Schwarzenegger v. Fred Martin Motor Co.*,

7  374 F.3d 797, 802 (9th Cir. 2004) (emphasis added).  Openwave makes no such allegations.

8  Instead, it claims that it pled purposeful availment by alleging that these individuals "obtained

9  substantial financial benefits from the activities [Lehman] conducted in California."  Opp. at 23.

10  An individual's indirect economic interest in an employer's forum-based activities cannot support

11  a finding of purposeful availment.  Indeed, such a rule would wholly undermine the principle that

12  "[t]he mere fact that a corporation is subject to general jurisdiction does not mean that its non-

13  resident officers and directors are subject to jurisdiction as well."  *LeDuc v. Kentucky Cent. Life*

14  *Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992).  Moreover, "[the] possibility/probability of

15  individual economic benefit on account [of] a corporate transaction in a forum state does not

16  comprise the test for the determination of whether personal jurisdiction exists."  *NBD Bank v.*

17  *Kersey*, No. 99-1851, 2000 U.S. Dist. LEXIS 624, at *18 (E.D. La. Jan. 25, 2000); *see also In re*

18  *Wireless Facilities, Inc. Deriv. Litig.*, 562 F. Supp. 2d 1098, 1105 (S.D. Cal. 2008) (rejecting

19  proposition that jurisdiction against officer can be based on receipt of illegally inflated stock

20  options from his California employer).  In sum, Openwave has not alleged purposeful availment.

21

22  _____

23  [3]  Numerous courts in this Circuit and elsewhere have drawn the identical conclusion.  *See, e.g.*, *Yen v. Buchholz*, No. C-08-03535, 2009 WL 347007, at *1–2 (N.D. Cal. Feb. 7, 2009) (no personal jurisdiction where complaint lacks specific allegations of each defendant's participation

24  in alleged scheme); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C-02-1486, 2005 WL 2988715, at *8 (N.D. Cal. Nov. 7, 2005) ("plaintiffs' allegations in the underlying

25  actions are overly generalized and make almost no reference to specific or individualized allegations of participation in the conspiracy on the part of *these* defendants"); *In re AstraZeneca*

26  *Sec. Litig.*, 559 F. Supp. 2d 453, 466–67 (S.D.N.Y. 2008) (no personal jurisdiction because "conclusory allegations of participation in the fraud are insufficient"); *Williams v. Conseco, Inc.*,

27  No. 99-0118-BH-C, 1999 U.S. Dist. LEXIS 20412, at *10 (S.D. Ala. Dec. 8, 1999) (court "clearly does not have personal jurisdiction" based on vague allegations that defendants "engaged in some

28  sort of scheme to defraud Plaintiffs, [where] there is no evidence of such a scheme or plan").

**C.      Openwave Has Not Alleged That The Non-California Defendants Purposefully Directed Activities At California Residents**

In tort cases, proof that a defendant purposefully directed its activities toward a forum state is analyzed under the "effects test," which requires a showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.  Personal jurisdiction must be based on an intentional act by each defendant, not by someone else.  *See Foley v. Marquez*, No. C 03-2481 SI, 2004 WL 603566, at *4 (N.D. Cal. Mar. 22, 2004) (Illston, J.) ("California courts consider the forum-related acts personally committed by the individual rather than the imputed conduct of a co-conspirator.").  Here, because the Complaint lacks any well-pleaded allegations of any intentional acts taken by any of the Non-California Defendants, Openwave has failed to plead purposeful direction.  *See infra* at 12–14.[4]

Openwave's purposeful direction allegations also fail because it has not alleged that any acts by the Non-California Defendants were "expressly aimed" at California.  The effects test "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always give rise to specific jurisdiction." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).  Instead, there must be "something more," which the Ninth Circuit defines as "wrongful conduct individually targeting a known forum resident," also known as "individualized targeting." *Id.* at 1087–88.[5]  The Complaint alleges, at most, an untargeted worldwide plan by Lehman to defraud all ARS investors.  Therefore, it cannot satisfy the "express

---

[4]  Openwave relies on *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C-08-4254, 2009 U.S. Dist. LEXIS 1616 (N.D. Cal. Jan. 5, 2009), to argue that jurisdiction can be based on directing others to engage in wrongful acts in California.  In *j2 Global*, the court found personal jurisdiction over a company's sole officer, director and shareholder, who had directed a "junk fax" campaign to specific locations in California and instructed others to send the junk faxes to specific California telephone numbers that he provided. *Id.* at *22.  *j2 Global* is inapposite both because it alleged the defendant's specific acts and because those acts were directed specifically at California.

[5]  Indeed, the Ninth Circuit has "warned courts not to focus too narrowly on the [effect] test's third prong – the effects prong" because the "determinative question" is whether the "conduct was expressly aimed at California . . . regardless of foreseeable effect." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (no personal jurisdiction over defendant who registered website "www.pebblebeach-uk.com" despite knowledge of California golf course named "Pebble Beach," because registration and use of name was "not an independent act that can be interpreted as being expressly aimed at California" even if it had foreseeable effects on California plaintiff).

---

aiming" or "individualized targeting" requirement of the effects test and cannot support a finding

of personal jurisdiction.  *See, e.g.*, *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No.

CV 08-3226, 2008 WL 5412431, at *5 (C.D. Cal. Dec. 29, 2008) (no purposeful direction toward

California where defendant "expressly targeted the United States market as a whole," and

California market was not "singled out"); *Abbott v. Ebbers*, No. A100560, 2004 Cal. App.

Unpub.[6] LEXIS 1002, at *15–16, 28–29 (Jan. 30, 2004) (affirming dismissal because "[a]t most

[plaintiffs] allege that defendants participated in an antecedent fraud on the public," as the alleged

"scheme was 'aimed' at the entire community of investors" and thus was not expressly aimed at

California investors).[7]

### D.     The Court Should Not Allow Jurisdictional Discovery

Openwave asks the Court to order jurisdictional discovery if it finds the Complaint's

jurisdictional allegations inadequate.  Opp. at 26–27.  The Court should deny this request for

several reasons.  First, while jurisdictional discovery is discretionary, it is inappropriate where the

claim of jurisdiction is attenuated, or where the plaintiff has not "pointed out the existence of any

facts that, if shown, would warrant the exercise of personal jurisdiction."  *In re DRAM Antitrust*

*Litig.*, 2005 WL 2988715, at *9–10; *Pebble Beach Co.*, 453 F.3d at 1160.  Here, because

Openwave has not alleged any facts supporting purposeful availment or purposeful direction,

discovery would be a pure fishing expedition.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1020

(9th Cir. 2008) ("The denial of [plaintiff's] request for discovery, which was based on little more

than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.").

---

[6]  Although this unpublished decision is not precedent, its reasoning applies here with equal force.
*Cf. U.S. v. Herrara-Santos*, No. C 07-00764 SI, 2008 WL 1808533, at *3 (N.D. Cal. Apr. 21,
2008) (Illston, J.) (unpublished opinion not precedent but "provides guidance" to Court).

[7]  Openwave also appears to suggest that personal jurisdiction can be based on Corporations Code
§§ 25401 and 25501, which reflect California's "special interest in controlling the effects of
securities fraud."  Opp. at 24:4–16, 25:23–24.  Any such assertion is misplaced because "[l]iability
and jurisdiction are independent.  Liability depends on the relationship between the plaintiff and
the defendants and between the individual defendants; jurisdiction depends only upon each
defendant's relationship with the forum."  *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).
Using this analysis, a California court recently held § 25504 provides no independent basis for
personal jurisdiction.  *See Abbott*, 2004 Cal. App. Unpub. LEXIS 1002, at *21 n.8 (illustrating fact
that courts have dismissed claims based on §§ 25401 and 25501 for lack of jurisdiction).

1   Moreover, Openwave's requested discovery is not aimed at uncovering jurisdictional facts.

2   Instead, it seeks merits discovery into all of Lehman's and the Non-California Defendants'

3   activities. *See, e.g.*, Mar. 17, 2009 Slavitt Decl., Ex. A (requesting all documents relating to ARS

4   practices, Lehman's *other* investment management and cash management business, and Lehman

5   board activities and meetings). Such discovery is clearly inappropriate.[8]

6   **II.     OPENWAVE FAILS TO STATE ANY CLAIMS FOR RELIEF AGAINST THE
          DIRECTOR AND OFFICER DEFENDANTS**

7

8           **A.     Rule 9(b) Applies To All Of The Claims In The Complaint**

9           While conceding that Rule 9(b) applies to nearly all of what remains of the Complaint,

10  Openwave asks the Court to apply a Rule 8 notice pleading standard to Counts 1 and 3 because

11  they are styled as negligence-based claims. *See* Opp. at 15:10–20, 16 n.15. However,

12  Openwave's opposition underscores the fact that—notwithstanding the labels Openwave attempts

13  to affix to its causes of actions—each claim in the Complaint arises from Openwave's allegation

14  that "[e]ach of the D&O Defendants conceived of a plan and implemented it through Lehman's

15  board and management directives . . . to cause the misrepresentations and omissions to occur."

16  Opp. at 6:6–9. By its very nature, a plan requires intentional conduct, not negligence. Moreover,

17  Openwave alleges no conduct by the Director and Officer Defendants other than participation in

18  this plan. Further, Openwave *itself* characterizes its Complaint as sounding in fraud. Opp. at 2:19

19  ("in complaints of corporate fraud like this one"). Because Openwave alleges a uniform course of

20  fraudulent conduct and relies entirely on that course of conduct as the basis of its claim, Rule 9(b)

21  applies to the entire Complaint, including Counts 1 and 3. *See* Mot. at 10:5–18.[9]

22  _____

23  [8] Finally, jurisdictional discovery should be denied because, as set forth below, Openwave has
    failed to state a claim for relief against any of the defendants. Without waiving their jurisdictional

24  defenses, the Non-California Defendants respectfully request that to the extent the Court does not
    grant dismissal for lack of personal jurisdiction, it decide the Rule 12(b)(6) motion before
    considering the possibility of jurisdictional discovery.

25  [9] Openwave relies on *Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), *In re*

26  *Daou Sys.. Inc.*, 411 F.3d 1006 (9th Cir. 2005), and *In re Portal Software, Inc. Sec. Litig.*, No. C-
    03-5138, 2006 U.S. Dist. LEXIS 61589 (N.D. Cal. Aug. 17, 2006), to argue that the Court should

27  apply Rule 8 to Counts 1 and 3 and merely "strip" any fraud allegations from those claims if they
    are found inadequate. Opp. at 15 & n.14. However, Openwave's precedent applies only if its

28  fraud and non-fraud claims are based on separate facts. *See Vess*, 317 F.3d at 1104 (if fraud and
    non-fraud claims rely solely on unified course of fraudulent conduct, Rule 9(b) applies to both).

1    Moreover, Rule 9(b) applies to negligent misrepresentation claims even if a complaint does

2    not sound in fraud.  While a handful of courts apply notice pleading rules to such claims, "[m]ost

3    district courts within the Ninth Circuit have held . . . that a negligent-misrepresentation claim is

4    subject to the heightened pleading requirements of Rule 9(b)."  *Deitz v. Comcast Corp.*, No. C 06-

5    06352, 2006 WL 3782902, at *6 (N.D. Cal. Dec. 21, 2006); Mot. at 11 n.8.[10]

6    **B.    Openwave Fails To State A Claim Under Counts 1 And 5 (§§ 25401, 25504)**

7    **1.    Openwave Fails to Adequately Plead That the Director and Officer
     Defendants Are *Primarily* Liable for a Violation of § 25401**

8    Openwave appears to concede that it is not seeking to hold the Director and Officer

9    Defendants primarily liable under California Corporations Code § 25401.  Opp. at 13:9–11.  In

10   any event, its direct claims fail both because it has not alleged privity with any Director and

11   Officer Defendant, *see, e.g.*, *In re Cendant Corp. Sec. Litig.*, 190 F.R.D. 331, 338 (D.N.J. 1999)

12   (dismissing § 25401 claims against officers and directors when company was in privity with

13   plaintiff but they were not), and because it fails to allege they made *any* communications, let alone

14   misrepresentations.  *See Olenicoff v. UBS AG*, No. 08-1029, 2009 WL 481281, at *5–6 (C.D. Cal.

15   Feb. 24, 2009) (dismissing § 25401 claim for failure to allege defendants' specific misstatements).

16

---

17   Although Openwave argues that Counts 1 and 3 are based only on "defendants' lack of reasonable
     care," Opp. at 15:12–13, 16 n.15, it makes no negligence-based allegations.  Instead, it takes
18   identical facts and labels them fraud in one count and negligence in another.  Openwave ignores
     the Director and Officer Defendants' authorities that disallow such superficial pleading
19   manipulation.  *See* Mot. at 10:19–11:5.  For example, Openwave does not address *Kassover v.
     UBS*, where a court recently held that a complaint making substantially identical allegations to
20   Openwave's concerning the ARS market sounded in fraud.  No. 08 CV 02753, 2008 WL 5331812,
     at *1–2 (S.D.N.Y. Dec. 19, 2008) ("The alleged conduct, and not the terms in which a plaintiff's
21   allegations are denominated, governs whether Rule 9(b) applies.").  Openwave's attempts to
     address the defendants' other authority miss the mark.  For example, Openwave argues *In re
22   Harmonic, Inc.*, 163 F. Supp. 2d 1079 (N.D. Cal. 2001), and *Falkowski v. Imation Corp.*, 309 F.3d
     1123 (9th Cir. 2002), are inapposite because they involved PSLRA pleading standards.  Opp. at 9
23   n.7.  However, although both cases involved Rule 10b-5 claims, they *also* included claims under
     § 11 and § 12 of the Securities Act, to which the PSLRA did not apply.  Both courts explicitly
24   applied Rule 9(b) to these claims.

25   [10]  Openwave concedes that Rule 9(b) applies to its negligent misrepresentation holder's action,
     but argues that Rule 8 governs its claim based on an inducement to purchase.  Opp. at 16 n.15.
26   Openwave's only support for this theory is the fact that *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167
     (2003), held that holders' actions must be pled with specificity but did not decide which pleading
27   standard to apply in non-holder claims.  However, *Small* does not call into question the numerous
     cases applying Rule 9(b) to all types of negligent misrepresentation claims.  *See, e.g.*, *Deitz*, 2006
28   WL 3782902 at *6 (discussing cases applying Rule 9(b) to all negligent misrepresentation claims).

---

2. **Openwave Fails to Adequately Plead That the Director and Officer Defendants Are _Secondarily_ Liable for a Violation of § 25401**

Having failed to allege facts showing that any Director or Officer Defendant directly violated § 25401, Openwave instead argues that these defendants should be held liable as control persons under § 25504. Opp. at 13. This argument fails for two reasons. First, Openwave has not adequately pled a primary § 25401 violation by _anyone_, a predicate for secondary liability. Second, Openwave has not alleged sufficient facts showing that the Director and Officer Defendants exercised actual day-to-day control over the alleged primary violator, and thus has failed to meet the pleading standard for § 25504 control person liability.

(a) **Openwave fails to adequately plead misleading statements**

Openwave alleges essentially two misrepresentations: (i) "ARS were low-risk, highly liquid investments that were suitable under Openwave's Investment Policy," and (ii) "[t]he market for ARS was a true, liquid 'market'" (collectively, the "Alleged Misrepresentations"). Opp. at 5:6–8; Compl. ¶ 41. Openwave alleges these misrepresentations took place during: (i) a December 2, 2005 meeting at Openwave, (ii) a mid-December 2005 review of Openwave's investment policy, (iii) communications between Ms. Whitney of Lehman and Ms. Rodezno of Openwave when Openwave sent cash to Lehman to invest, and (iv) quarterly performance reviews of Openwave's portfolio (collectively, the "Alleged Communications"). _Id._ ¶¶ 34–35, 43. In the Motion, the defendants explain how Openwave failed to adequately allege the speaker, content, timing, location, communication method, and basis of falsity of the Alleged Misrepresentations, and thus failed to satisfy Rule 9(b). _See_ Mot. at 14–17. In response, Openwave repeats its allegations and asserts that they satisfy Rule 9(b). Opp. at 4:24–6:24; 9:15–10:20.[11]

Openwave's response fails to address the Complaint's glaring weaknesses. First, it fails to indicate what misrepresentations were made during each of the Alleged Communications. Defendants are left to guess whether they, or anyone at Lehman, made some, all or none of the

---

[11]   Openwave cites no case in which a court has allowed similarly vague fraud allegations to survive a motion to dismiss, relying instead on _Cooper v. Pickett_, 137 F.3d 616, 627 (9th Cir. 1997), an accounting fraud case where plaintiff, unlike Openwave, provided the "who, what, when, and where" of the fraudulent statements, and explained why they were false.

1    Alleged Misrepresentations during some, all or none of the Alleged Communications.  *See*

2    *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 438 F. Supp. 2d 869, 885 (E.D.

3    Tenn. 2006) (fraud claim dismissed for lack of particularity where plaintiff identified meeting

4    where statements were made, but not content of statements), *rev'd in part on other grounds*, 484

5    F.3d 865, 874 (6th Cir. 2007).[12]   Second, the Complaint fails to explain how statements that ARS

6    were safe investments, that the market was liquid, and that the investments were suitable under

7    Openwave's Investment Policy were false when made, particularly because Openwave admits that

8    ARS auctions essentially never failed before August 2007.  *See* Mot. at 16 & n.14; Compl. ¶ 38.

9    Openwave argues that the fact that the ARS market did not begin to fail until August 2007

10   somehow *emphasizes* that Lehman's alleged pre-August 2007 statements were materially false

11   when made because they concealed the alleged "fraudulent scheme" to create the illusion of a safe,

12   liquid ARS market. Opp. at 10:8–20.  However, Openwave has failed to plead a single *fact*

13   suggesting the existence of such a scheme.  *See infra* at 12-14.  Further, while the Court must

14   accept Openwave's well pleaded factual allegations as true for purposes of this motion, it should

15   not accept Openwave's unvarnished speculation or circular reasoning.  Instead, the Court should

16   find that Openwave has failed to allege that the Alleged Misrepresentations were false when made.

17                    **(b)      Openwave does not adequately allege privity with Lehman**

18          Openwave repeatedly asserts the legal conclusion that it was in privity with Lehman.  *See*

19   Compl. ¶¶ 32, 57, 63, 82, 89.  However, Openwave appears to mistakenly base privity on the

20   alleged fact that Lehman engaged in the "sale *or offer to sell*" ARS to Openwave.  *Id.* ¶¶ 57, 82

21   (emphasis added).  This is not the test for privity, as "liability under Section 25501 attaches only

22   to the actual seller of the securities."  *Apollo Capital Fund v. Roth Capital Partners*, 158 Cal. App.

23   4th 226, 254 (2007).[13]

24   _____

25   [12]  *See also ADP Inc. Dealer Servs. Group v. Truck Country of Iowa, Inc.*, No. 07-CV-1002, 2008
     WL 53671, at *4 (N.D. Iowa Jan. 2, 2008) (fraud claim dismissed where plaintiffs alleged false

26   statements occurred in meeting but failed to allege whether meeting was in-person or via
     telephone and failed to allege date or time of meeting).

27   [13]  Openwave alleges that Lehman sold it some unidentified ARS, Compl. ¶ 32, and later lists the
     eleven specific ARS purchases for which it seeks damages.  *Id.* ¶ 43.  However, Openwave never

28   alleges that it purchased those eleven ARS directly from Lehman.  *See* Mot. at 17 n.16.  Its general

1

**(c)** **Openwave fails to plead facts sufficient to establish that the Director and Officer Defendants are liable as control persons under § 25504**

2

3     In their Motion, the Director and Officer Defendants explained that control person liability

4 under § 15 of the Securities Act requires a plaintiff to allege facts showing a significant degree of

5 day-to-day operational control over an alleged primary violator. They also demonstrated that

6 Openwave failed to meet that burden with respect to any of the Director and Officer Defendants.

7 Mot. at 17–20. Openwave does not contest either of these propositions. The Director and Officer

8 Defendants further explained that courts have interpreted Corporations Code § 25504, the

9 California correlate to § 15, in a manner consistent with § 15, requiring the same allegations of

10 day-to-day operational control. Mot. at 22–23. Openwave disputes this point, asking the Court to

11 hold that § 25504 imposes control person liability on officers and directors based solely on their

12 status, regardless of whether they are alleged to have exercised actual control. Opp. at 13–15. In

13 *Kainos Labs v. Beacon Diagnostics*, No. C 97-4618, 1998 WL 2016634 (N.D. Cal. Sept. 14,

14 1998), the court applied the § 15 control person standard to a § 25504 control person claim. After

15 quoting the language of both statutes, the court held that "the control person statute under

16 California law is substantially the same as the federal statute." *Id.* at *14 & n.5. The court

17 dismissed the § 25504 claim because plaintiff's conclusory allegations that a corporation's outside

18 directors were "involved in the day-to-day activities of the company" and "had the power to

19 influence and control and did influence and control . . . the decision making of the company" were

20 inadequate to plead § 25504 control person liability. *Id.* at *15–16.[14]

21     *Kainos* is directly in line with Ninth Circuit precedent. For example, in *Underhill v. Royal*,

22 769 F.2d 1426, 1433 (9th Cir. 1985), on which *Kainos* relied, the Ninth Circuit held that "[t]he

23 control person statute under California law [§ 25504] is substantially the same as the federal

24 statute." The court then considered and approved of a jury instruction that stated that the jury

25 _____

26 assertion that it was in privity with Lehman with respect to *some* ARS purchases is inadequate to plead privity with respect to the *specific* ARS purchases at issue in this litigation.

27 [14] Despite Openwave's claim that the *Kainos* court "did not discuss the specific wording of Section 25504" or the argument that § 25504 imposes status-based liability, Opp. at 14 n.13, the fact remains that the court, which quoted § 25504 in full, did not adopt Openwave's interpretation.

28

could impose liability under § 25504 if it "found the corporate entity liable and that the director or officer 'controlled' the corporation." *Id.* The court did not suggest that § 25504 could be imposed automatically based on status rather than requiring a finding of actual control. In *Durham v. Kelly*, 810 F.2d 1500, 1505 (9th Cir. 1987), the court reaffirmed its holding in *Underhill* that § 25504 was substantially the same as § 15, and *after* considering whether the defendant, a director and corporate secretary of a corporation, was a "controlling person" by examining, *inter alia*, her alleged actions, upheld a grant of summary judgment on a § 25504 claim. Finally, in *Leason v. Berg*, No. 89-15379, 1991 WL 26483, at *4 (9th Cir. Mar. 1, 1991) (unpublished),[15] the Ninth Circuit affirmed summary judgment on a § 25504 claim in favor of the director of a corporation that allegedly violated § 25501. The court reasoned as follows:

> Leason contends that California Corporations Code § 25504 imposes a prima facie inference of liability on Berg as a director. We do not agree. In order to be secondarily liable under section 25504, the defendant must exercise some control over the alleged perpetrator of the fraud. . . . [Director] Berg did not exercise control over Actrix and therefore cannot be liable under section 25504.

*Id.* at *4.[16]

Openwave offers little in response. It relies on *Courtney v. Waring*, 191 Cal. App. 3d 1434 (1987)—a decision construing § 31302 of the Franchise Investment Act, *not* § 25504 of the Corporations Code. Moreover, *Courtney*'s broad construction of § 31302 does not appear to have been disputed by either of the parties, who instead focused on the correct interpretation of the "offer or sell" language of § 31201 and the question of whether control person liability could lie in the absence of a suit against the allegedly controlled entity. *Id.* at 1440–42.[17] In sum, because Openwave neither contradicts the precedent holding § 25504 requires a showing of day-to-day

---

[15] *See* n.6, *supra*.

[16] *Bains III v. Moores*, Slip Copy, No. D052533, 2009 WL 723530 (Cal. Ct. App. Mar. 20, 2009), is in accord. In *Bains*, the lower court had framed the question on two directors' demurrers to a § 25504 claim to be whether plaintiffs "alleged sufficient facts to show that these defendants had control of the day-to-day activities of [company]." *Id.* at *19. On appeal, the court emphasized that plaintiff did not "allege that defendants were in control of a person liable under 25501 . . . as plaintiffs themselves acknowledge are required for Section 25504 liability." *Id.* at *21.

[17] The only other case on which Openwave relies is *In re Technical Equities Fed. Sec. Litig.*, No. C 86-20157, 1989 U.S. Dist. Lexis 18405 (N.D. Cal. Aug. 22, 1989), which dismissed a § 25504 claim for lack of privity. The decision does not construe the control person provisions of § 25504 and does not discuss whether the statute imposes purely status-based liability.

1    control over a primary violators nor alleges such control, its § 25504 claims must be dismissed.[18]

2    ### C.      Openwave Fails To State A Claim Under Counts 3 And 7 (Negligent Misrepresentation, Fraud)

3

4    Openwave concedes that the Director and Officer Defendants are not alleged to have made

5    any statements to Openwave—misleading or otherwise.  *See* Opp. at 16–18.  Instead, it seeks to

6    hold the Director and Officer Defendants liable for the alleged misrepresentations of others based

7    on its assertion that they directed a vague conspiracy encompassing the entire ARS industry.  Opp.

8    at 6:5–19.  Because Rule 9(b) applies to Openwave's allegations of a "fraudulent plan" and the

9    Director and Officer Defendants' participation in that plan, each defendant must be informed

10   "separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG*

11   *LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump

12   multiple defendants together"); *see Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594,

13   606–07 (N.D. Cal. 2007) (Illston, J.) (dismissing complaint for failure to allege specific fraudulent

14   acts by each defendant); Mot. at 11.  Openwave fails to meet this heightened pleading standard.

15   Openwave repeatedly asserts that the Director and Officer Defendants "each conceived of

16   and implemented a plan to create an illusory ARS market that caused the specified

17   misrepresentations and omissions to be made to Openwave," Opp. at 8, yet fails to identify a

18   single act that any of the Director and Officer Defendants took in furtherance of this supposed

19   plan.  Openwave's scheme allegations are textbook examples of conclusory assertions that are

20   insufficient to satisfy Rule 9(b).  *See, e.g.*, *Swartz*, 476 F.3d at 765 (mere allegations that

21   defendants "were active participants in [a] conspiracy without any stated factual basis are

22   insufficient as a matter of law").  A similar situation was presented in *Semegen v. Weidner*, 780

23   F.2d 727 (9th Cir. 1985).  In that case, the Ninth Circuit upheld a dismissal of fraud allegations

24   against individual lawyers and accountants and their respective firms who were alleged to have

---

25   [18]  Even if the Court accepts Openwave's construction, the § 25504 claim against Defendants
26   Goldfarb and Russo should be dismissed because neither defendant is a director or "principal
      executive officer" or "person occupying similar status or performing similar functions" within the
27   meaning of § 25504.  *Cf.* Cal. Corp. Code § 312(a) (requiring corporations to have only a
      president, secretary, and chief financial officer).  As Lehman's Chief Administrative Officer or
28   global division head and Lehman's chief legal officer, neither defendant meets that definition.

1  participated in a scheme to defraud investors in a coal mining venture.  The court found plaintiffs

2  had not satisfied the Rule 9(b) requirement to plead with particularity "the alleged fraudulent

3  participation of [the lawyers and accountants] in the coal venture scheme." *Id.* at 731.  The court

4  then held that "the absence of specification of any times, dates, places or other details of that

5  alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b)."[19]  *Id.*  As in

6  *Semegen*, because Openwave failed to plead the specific acts allegedly undertaken by the Director

7  and Officer Defendants, its fraud and negligent misrepresentation claims must be dismissed.[20]

8       Openwave ignores this extensive body of law and instead relies on *Wyatt v. Union*

9  *Mortgage Co.*, 24 Cal. 3d 773 (1979), for the proposition that corporate directors and officers may

10 be held *personally* liable under the common law for a corporation's torts simply by virtue of their

11 positions as officers or directors.  Opp. at 9:1–5.  Openwave misstates *Wyatt*.  *Wyatt* held

12 "[d]irectors and officers of a corporation are not rendered personally liable for its torts merely

13 because of their official positions, but may become liable *if they directly ordered, authorized, or*

14 *participated in the tortious conduct*."  24 Cal. 3d at 785 (emphasis added).  The officers and

15 directors in *Wyatt* were held liable only because they were personally involved in and directed the

16 company's fraud.  *See id.* at 785–86.  Because Openwave fails to plead any such facts here, *Wyatt*

17 is inapposite.[21]  Moreover, given the weight of authority holding similarly threadbare scheme

---

18 [19]  *See also Baytree Capital Assoc. v. Quan*, No. CV 08-2822, 2008 WL 4447647, at *8 (C.D. Cal.
19 Sept. 29, 2008) (dismissing fraud claims against corporate officers and directors where complaint
   alleges kickback scheme but fails to allege each defendant's specific misconduct); *Druyan v.*
20 *Jagger*, 508 F. Supp. 2d 228, 242 (S.D.N.Y. 2007) (dismissing fraud claims for failure to satisfy
   Rule 9(b) where "[p]laintiff fails to allege specifically what each defendant did in furtherance of
21 the fraudulent scheme"); *A&D Supermarkets, Inc. No. 2 v. United Food & Commercial Workers*
   *Local Union 880*, 732 F. Supp. 770, 780 (N.D. Ohio 1989) (dismissing fraud claims "[a]bsent a
22 showing of specific allegations of the individual defendants' acts and conduct").

23 [20]  Openwave pleads the fraudulent scheme on information and belief, Compl. ¶ 26, requiring it to
   provide "a statement of the facts on which the belief is founded, including the source of the
24 information and the reasons for the belief."  *U.S. v. Cathcart*, No. C 07-4762, 2008 WL 4279717,
   at *2 (N.D. Cal. Sept. 15, 2008).  Openwave fails to do so, offering further grounds for dismissal.

25 [21]  Openwave mischaracterizes *In re GlenFed, Inc. Sec. Litig.*, by suggesting that "[a] plaintiff may
   satisfy Rule 9(b) 'by pleading the misrepresentations with particularity and where possible the
26 roles of the individual defendants in the misrepresentations.'"  Opp. at 8:16–18.  *GlenFed* relates
   to the "group pleading doctrine," which allows plaintiffs in securities cases to ascribe statements
27 made by a corporation "in prospectuses, registration statements, annual reports, press releases, or
   other 'group-published information,'" to officers or directors under certain circumstances.  60 F.3d
28 591, 593 (9th Cir. 1995).  Because Openwave does not allege any misstatement constituted "group
   published information," *GlenFed* is inapposite.  *See also Pegasus Holdings v. Veterinary Ctrs. of*

---

1   allegations as those in the Complaint insufficient under Rule 9(b), all claims that rely on that

2   scheme, including the fraud and negligent misrepresentation claims, must be dismissed.

3   **D.      Openwave Fails To State A Claim Under Count 4 (§§ 25400, 25500)**

4        The Director and Officer Defendants established that they cannot be liable under § 25500

5   because they neither sold nor offered securities to Openwave, as required under the statute.  *See*

6   Mot. at 24:19–26.  Openwave's claim that this requirement does not apply to § 25400(b), the

7   relevant provision here, is simply wrong.  "Subdivision (b) . . . *by [its] very nature* requires that

8   the defendant be a *purchaser or seller* since the conduct prohibited is associated with a market

9   transaction."  Harold Marsh, Jr. & Robert H. Volk, *Practice Under the California Securities Laws*,

10  § 14.05[4] (2008) (emphasis added).[22]  Openwave argues that because § 25400(b) requires that a

11  person must "effect alone, or with one or more other persons, a series of transactions in any

12  security," it applies not only to direct market participants, but to anyone who caused the

13  transactions to occur in any direct or indirect manner.  Opp. at 19–20.  *Id.*  To remain consistent

14  with both the California securities statutory framework and the plain meaning of the phrase, the

15  Court should interpret "to effect" to mean "to carry out a sale or purchase."[23]  Such an

16  interpretation would appropriately limit liability to purchasers and sellers.[24]

17  **E.      Openwave Fails To State A Claim Under Count 8 (Fraudulent Concealment)**

18       Without contesting that Rule 9(b) applies to its fraudulent concealment claim, Openwave

19  fails to address the Director and Officer Defendants' authority holding that conclusory allegations

20  are insufficient to state this claim.  *See* Mot. at 25:23–26:10.  As set forth above, Openwave's

---

22  *Am., Inc.*, 38 F. Supp. 2d 1158, 1165 (C.D. Cal. 1998) ("[W]ritten or oral statements made by an identified defendant cannot be classified as 'group published' information.").

23  [22]  § 25500 is also not among the statutes giving rise to secondary liability (*e.g.*, § 25501).  *See Kamen v. Lindly*, 94 Cal. App. 4th 197, 204 (2001) (explaining that "the Legislature knows how to establish secondary liability when it wants to do so, yet failed to do so with respect to . . . 25400").

25  [23]  "effect, *v.* . . . *c. trans. Business.* To carry out (a sale, a purchase); to buy and put into effect (a policy of insurance or assurance)."  Oxford English Dictionary Online, Oxford University Press (June 2003), *available at* http://dictionary.oed.com/cgi/entry/50072302.

27  [24]  Even if Openwave could proceed under § 25400(b) based on market manipulation *by Lehman*, its claim still fails because it has not adequately pled (i) Lehman's alleged manipulative acts, or (ii) the Director and Officer Defendants' willful participation in that manipulation.  *See* Mot. at 25.

---

conclusory allegations of a plan and the Director and Officer Defendants' acts in furtherance of that plan, do not satisfy Rule 9(b) and cannot support a concealment claim. *See supra* at 12-14.

Further, while accepting that a concealment claim requires a duty to disclose, *see* Opp. at 18:15–20, Openwave fails to adequately plead any of the four sources of such a duty. *See* Mot. at 26:11–27:7. First, it does not allege that any Director and Officer Defendant owed it a fiduciary duty. Second, it does not allege that any Director and Officer Defendant made *any* representation to it that could have given rise to a duty. Third, it fails to allege any facts indicating any Director and Officer Defendants took any steps to actively conceal information, relying instead on its vague "scheme" allegations. *See supra* at 12-14. Finally, it does not adequately allege that the Director and Officer Defendants possessed material information that they knew Openwave could not obtain. *See Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976) (dismissing concealment claim where "[i]nsufficient facts are alleged to establish that defendant knew the materiality of the omitted matters or that they were inaccessible to plaintiffs"). Nor could it, because, as the Motion makes clear, all of the information that Openwave claims was concealed from it *was* publicly available and thus accessible to Openwave. Mot. at 21–22, 27.[25]

## CONCLUSION

The Non-California Defendants respectfully request that they be dismissed from this action for lack of personal jurisdiction, and the Director and Officer Defendants respectfully request that the Complaint be dismissed for failure to state a claim.

---

[25] The May 31, 2006 SEC Order (the "Order") disclosed Lehman's practice of supporting ARS auctions. Compl. ¶ 39; Mot. at 21. Openwave argues this disclosure was inadequate because it did not warn of the risk of failed auctions. Opp. at 19:4–5. However, Lehman's post-Order disclosures state that it "may submit a bid . . . to avoid an auction failure, but is not obligated to do so" and "auction failures are possible, especially … if a market disruption were to occur or if, for any reason, Lehman Brothers were unable or unwilling to bid." Supp. RJN Ex. H at 4–5. *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 612 (6th Cir. 2005) (distinction between disclosure that broker "may" and "will" receive different commission for sale of different securities held immaterial "semantic quibble"). Openwave also claims Lehman failed to disclose the extent of its ARS support or to identify which auctions it supported. However, Lehman had no duty to disclose such details. *See, e.g.*, *Backman v. Polaroid Corp.*, 910 F.2d 10, 16 (1st Cir. 1990) ("Disclosing that [product] was being sold below cost was not misleading by reason of not saying how much below. Nor was it misleading not to report the number of sales, or that they were below expectations."); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1419 (9th Cir. 1994) (where defendant disclosed risk, it had no "duty to disclose the precise extent of [risk]").

---

Dated:  April 10, 2009

SIMPSON THACHER & BARTLETT LLP

By _____/s/_____
    James G. Kreissman, 206740
    jkreissman@stblaw.com

Attorneys for Defendants Richard S. Fuld, Jr.,
Michael L. Ainslie, Roland A. Hernandez, David
Goldfarb, John F. Akers, Roger S. Berlind,
Joseph M. Gregory, Thomas H. Cruikshank,
Marsha Johnson Evans, Henry Kaufman, John
D. Macomber, Thomas A. Russo, and
Christopher M. O'Meara

Patricia M. Hynes (*pro hac vice*)
Todd S. Fishman (*pro hac vice*)
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020

Attorneys for Defendant Richard S. Fuld, Jr.