Philip E. Cook (State Bar No. 149067)
 pcook@jonesday.com
John K. Ly (State Bar No. 247477)
 jly@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
TIM FORD AND MELISSA CONROY WHITNEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS INC., | CV-08-05683 SI |
| Plaintiff, | **DEFENDANTS FORD AND WHITNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;** |
| v. | |
| RICHARD S. FULD, JR., et. al. | |
| Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS;** |
| | **MOTION TO COMPEL ARBITRATION (Filed Concurrently Under Separate Cover)** |
| | Date: September 18, 2009<br>Time: 9:00 a.m.<br>Judge: Hon. Susan Illston<br>Courtroom: 10, 19th Floor |

LAI-3043220v6

MOTION TO DISMISS FAC BY
DEFENDANTS FORD AND WHITNEY
CASE NO. C 08-05683-SI

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................................. 2
II.    STATEMENT OF FACTS ............................................................................................... 3
       A.    Openwave Files Suit ............................................................................................. 3
       B.    The June 6th Order ................................................................................................ 3
       C.    Openwave Amends its Complaint ......................................................................... 4
III.   ARGUMENT .................................................................................................................... 5
       A.    Openwave Fails to Plead Any Misrepresentations with Particularity ................... 5
       B.    Openwave Fails to Plead Sufficient Facts to State a Claim Against Defendants Ford and Whitney Under California Corporations Code Section 25504 ..................................................................................................................... 9
             1.    Openwave Fails to Plead that the Broker Employee Defendants Materially Aided the Scheme Because It Has Not Pleaded A False Statement ................................................................................................... 10
             2.    Openwave Fails to Plead That the Broker Employee Defendants Materially Aided the Scheme Because It Has Not Pleaded Facts Sufficient to Show Knowledge ................................................................ 10
       C.    Openwave Fails to Plead the Requisite Facts Against the Broker Employee Defendants for Its Remaining Claims .................................................................. 11
             1.    Openwave Fails to Allege Specific Facts to State a Claim for Negligent Misrepresentation ................................................................... 11
             2.    Openwave Fails to Allege Specific Facts to State a Claim for Fraudulent Concealment ........................................................................ 12
IV.    CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

### CASES

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
  158 Cal. App. 4th at 226 (2007) ........................................................................................... 11

*Arthur Young & Co. v. Reves*,
  931 F.2d 1310 (8th Cir. 1991) ............................................................................................. 11

*U.S. ex rel. Smith v. The Boeing Co.*,
  No. 05-1073, 2006 WL 542851 (D. Kan. Feb. 27, 2006) ..................................................... 7

*Copperstone v. TCSI Corp.*,
  No. 97-3495, 1999 WL 33295869 (N.D. Cal. Jan. 19, 1999) ............................................... 6

*Durham v. Kelly*,
  810 F.2d 1500 (1987) .......................................................................................................... 11

*In re Alliance North American Government Income Trust, Inc. Sec. Litig.*,
  No. 95-0330, 1996 WL 551732 (S.D.N.Y. Sept. 27, 1996) .................................................. 7

*In re Diasonics Securities Litigation*,
  599 F. Supp. 447 (9th Cir. 1984) ........................................................................................ 10

*In re Glenfed, Inc. Sec. Lit.*,
  42 F.3d 1541 (9th Cir. 1994) ................................................................................................ 8

*In re Stac Elecs.*,
  89 F.3d 1399 (9th Cir. 2006) ................................................................................................ 6

*Lululemon USA, Inc. v. 108 N. State Retail, LLC*,
  No. 09-1560, 2009 WL 1732103 (N.D. Ill. June 17, 2009) .................................................. 8

*Vess v. CIBA-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................................................. 6

*Wenger v. Lumisys, Inc.*,
  2 F. Supp. 2d 1231 (N.D. Cal. 1998) ................................................................................... 7

### STATUTES

Cal. Corp. Code § 25401 ............................................................................................................ passim
Cal. Corp. Code § 25401.5 .............................................................................................................. 11
Cal. Corp. Code § 25500 .................................................................................................................. 4
Cal. Corp. Code § 25501 ............................................................................................................ 9, 10
Cal. Corp. Code § 25504 .......................................................................................................... passim
Fed. R. Civ. P. 9(b) .................................................................................................................... passim
Fed. R. Civ. P. 12(b)(2) ................................................................................................................... 3
Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 3
Sec. Act of 1933 § 12(a)(2) ............................................................................................................. 4

### OTHER AUTHORITIES

Marsh & Volk § 14.03[4][c]. ......................................................................................................... 10

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on September 18, 2009 or as soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Tim Ford and Melissa Conroy Whitney will and do hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the First Amended Complaint of Plaintiff Openwave Systems Inc., and specifically the four causes of action asserted against these Defendants: (i) the First Cause of Action, alleging a violation of the California Corporations Code section 25504 for lack of reasonable care; (ii) the Second Cause of Action, alleging negligent misrepresentation; (iii) the Third Cause of Action, alleging a violation of the California Corporations Code section 25504 for fraud, intentional, or reckless misconduct; and (iv) the Fifth Cause of Action, alleging concealment and deceit.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the records and files in this action (including without limitation the Order Granting in Part and Denying in Part Defendants' Motions to Dismiss the Complaint issued on June 6, 2009, and the First Amended Complaint filed in this Court on July 2, 2009, as corrected and filed on August 11, 2009), together with additional matters of which the Court may properly take judicial notice, or that may otherwise be presented to the Court before or at the hearing on this matter.[1] This Motion is also based, in part (and as expressly joined below), on the Notice of Motion and Motion to Dismiss the First Amended Complaint, including the Memorandum of Points and Authorities contained therein, submitted by the Director and Officer Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its First Amended Complaint ("FAC"), Openwave has sued fifteen current or former officers, directors, and employees of Lehman Brothers Holdings Inc. ("LBHI") or Lehman Brothers Inc. ("LBI"), asserting claims for violations of the California Corporations Code section

---

[1] Filed concurrently herewith is Defendants' Motion to Compel Arbitration. Defendants request that this Court rule on this Motion before it considers Defendants' Motion to Compel Arbitration. If the Court denies Defendants' Motion to Dismiss, Defendants request that this Court compel arbitration of *all* remaining claims, if any.

LAI-3043220v6 - 1 - MOTION TO DISMISS FAC BY DEFENDANTS FORD AND WHITNEY
CASE NO. C 08-05683-SI

25504, as well as common law concealment, intentional misrepresentation, and negligent misrepresentation, all relating to Openwave's investments in Auction Rate Securities ("ARS").[2]

## I. **INTRODUCTION**

The Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss the Complaint issued on June 6, 2009 ("June 6th Order") dismissed the initial complaint and allowed Openwave to address pleading deficiencies. Despite this opportunity, the FAC contains the same problems that led to the dismissal of the initial complaint. Openwave continues to maintain that the Defendants are liable for authorizing and participating in a secret, world-wide ARS market manipulation scheme. To support this implausible theory, Openwave cannot plead facts sufficient to describe the time, place, identities, and circumstances surrounding the alleged misrepresentations and omissions.

Rather than shed light on the alleged fraudulent scheme, misrepresentations, or omissions, Openwave again resorts to blaming Defendants for failing to predict the unpredictable and unprecedented credit crisis that resulted in market-wide auction failures. Openwave also refuses to accept that LBI disclosed information regarding ARS and its role in the auction process in the manner, and to the extent, required by the Securities & Exchange Commission. And Openwave remains silent about ARS trading in a multi-billion dollar market for decades at the time of Openwave's investments.

Openwave's inability to rectify the pleading deficiencies identified in the June 6th Order requires this Court to dismiss its claims again, without leave to amend.

- Openwave fails to adequately plead that there was an untrue statement of material fact made, *i.e.*, something more than nondisclosure, or that LBI engaged in a scheme to artificially support the ARS market.

---

[2] Openwave voluntarily dismissed two defendants from this action on December 18, 2008, prior to its removal to this Court. The remaining defendants are: (i) former directors (Defendants Ainslie, Akers, Berlind, Cruikshank, Evans, Hernandez, Kaufman and MaComber) (the "Director Defendants"), FAC, ¶ 22; (ii) former officers (Defendants Fuld, Goldfarb, Gregory, O'Meara, and Russo) (the "Officer Defendants") (and collectively, the "D&O Defendants"), FAC, ¶ 20; and (iii) Defendants Whitney and Ford, who are former Lehman Brothers Inc. employees (the "Broker Employee Defendants"). FAC, ¶¶ 16–17.

- Openwave fails to state a claim that the Broker Employee Defendants *materially aided* anyone in violation of the California Corporations Code.
- Openwave fails to plead facts sufficient to state a claim for negligent misrepresentation or fraudulent concealment.

## II.  STATEMENT OF FACTS

### A.  Openwave Files Suit

Openwave filed this action on November 21, 2008 in California Superior Court in San Francisco, California. The original complaint alleged eight different claims for violations of federal and state securities fraud, market manipulation, common law fraud, concealment, and negligent misrepresentation arising out of Openwave's investments in ARS.[3] Complaint, ¶¶ 55-109. Openwave alleged two causes of actions against the Broker Employee Defendants for violations of the California Corporations Code and negligent misrepresentation. Defendants removed this action to the Court on December 22, 2008 and later filed Motions to Dismiss Openwave's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

### B.  The June 6th Order

Following a hearing held on April 24, 2009, the Court issued the June 6th Order. Except for the First Cause of Action based on Defendants' alleged violation of California Corporations Code, sections 25401 and 25504 for lack of reasonable care, the Court ruled that Federal Rule of Civil Procedure 9(b) applies to all of Openwave's claims. The Court granted Defendants' Motions to Dismiss the Complaint on multiple grounds, including that the Complaint did not sufficiently allege the time, place, or identities of the parties to the misrepresentations. *Id.* at ¶¶ 7-14. Openwave was granted leave to amend.

---

[3] ARS are debt instruments, like corporate or municipal bonds, that typically have long-term nominal maturity dates and regularly reset their interest rate through an auction process that typically occurs every 7, 28 or 35 days. FAC., ¶ 33. From 1984 through 2007, the ARS market was liquid and functioned smoothly, with virtually no auction failures. *Id.*, ¶ 42. Sophisticated investors—such as Openwave—regularly invested in ARS during this time. *Id.*, ¶ 33. Beginning in August 2007, however, certain ARS auctions began to fail and, by early February 2008, the market for ARS had essentially frozen. *Id.*, ¶¶ 42, 47-48.

### C. Openwave Amends its Complaint

Openwave filed its FAC on July 2, 2009. The FAC alleges that Defendant Whitney was responsible for making two affirmative misrepresentations: (i) ARS were low-risk, highly liquid investments that were suitable under Openwave's investment policy; and (ii) the market for ARS was a true, liquid "market." FAC, ¶ 53(a)-(b). Openwave also claims that the Broker Employee Defendants failed to disclose certain material facts, and that LBI was purportedly artificially supporting the ARS market to create the illusion of liquidity, *id.*, ¶ 54(a)-(e), as well as the unsuitability of ARS under Openwave's investment policy. *Id.*, ¶ 54(e).[4] Openwave further alleges that the Director and Officer Defendants approved the terms of an order issued in 2006 by the Securities & Exchange Commission ("2006 SEC Order") that required LBI and other investment banking entities to disclose information regarding ARS, but that additional disclosures post-settlement were inadequate. *Id.*, ¶¶ 43-49. The FAC contains a chart of Openwave's ARS holdings that identifies ARS names; investment dates and amounts; dates of LBI's initial purchases and original purchase amounts; and auction intervals.[5] *Id.*, ¶ 55.

Openwave did not allege any new claims in the FAC. However, Openwave eliminated claims against the Defendants under Section 12(a)(2) of the Securities Act of 1933; California Corporations Code sections 25400, 25500, and 25401; and common law intentional misrepresentation. Openwave has also amended its complaint to allege that LBI and LBHI—and *not* Defendants—violated California Corporations Code section 25401 (although both LBI and LBHI are not named as a party to this action). Openwave alleges four of its five causes of action against the Broker Employee Defendants: (i) the First Cause of Action, alleging violations of the

---

[4] Although Openwave complains of actionable communications in January of 2008, FAC, ¶ 39, these alleged misrepresentations occurred after Openwave purchased its last ARS in August 2007, and after Defendants Ford and Whitney no longer were employed by Lehman Brothers Inc., having left in October 2007. FAC, ¶¶ 16-17. Accordingly, this 2008 conduct cannot serve as the basis for Openwave's claims against Defendants Ford and Whitney.

[5] In 2002, Openwave retained Lehman as its broker and investment adviser. FAC, ¶ 35. A number of years later, on January 12, 2006, Openwave revised its investment policy and expressly authorized the purchase of ARS. *Id.*, ¶ 35. Openwave alleges that it currently holds 11 ARS investments, worth approximately $22.7 million at par, purchased between May 2006 and August 2007. *Id.*, ¶ 43. Although Openwave alleges that these ARS holdings are illiquid, it does not allege that it has sold any ARS at a loss, or that an ARS issuer has failed to make an interest payment or otherwise defaulted on its obligations under any ARS.

1  California Corporations Code section 25504 for lack of reasonable care; (ii) the Second Cause of
2  Action, alleging negligent misrepresentation; (iii) the Third Case of Action, alleging violations of
3  the California Corporations Code section 25504 for fraud, intentional or reckless misconduct; and
4  (iv) the Fifth Cause of Action, alleging concealment and deceit.

5  **III.   ARGUMENT**

6      **A.   Openwave Fails to Plead Any Misrepresentations with Particularity.**

7      In considering whether Openwave adequately alleged any misrepresentations, the Court
8  confirmed that Openwave was required to plead with particularity the "time, place, and specific
9  content of the false representations as well as the identities of the parties to the transaction."
10 June 6th Order at 6. The only misrepresentations alleged in Openwave's initial complaint were
11 that (i) ARS were low-risk, highly liquid investments that were suitable under Openwave's
12 investment policy, and (ii) the market for ARS was a true, liquid "market." Compl. ¶¶ 41, 43.
13 These misstatements were allegedly made by Defendant Whitney to Openwave's Linda Rodezno
14 in a December 2, 2005 powerpoint presentation, in mid-December 2005 communications in
15 connection with LBI's review of Openwave's investment policy, in communications when
16 Openwave transferred cash for LBI to invest, and during quarterly performance reviews of
17 Openwave's portfolio. *Id*. ¶ 43. Applying Rule 9(b), the Court held that Openwave's allegations
18 failed to "state with particularity the circumstances constituting fraud." *Id*. Although the
19 affirmative statements alleged by Openwave continue to be confined to those made by Defendant
20 Whitney, the FAC does nothing to rectify that failure. *Compare* Compl., ¶¶ 34-35, 43 *with* FAC,
21 ¶¶ 35-37, 56.[6]

22     In the FAC, instead of providing the requisite specific allegations, Openwave admitted
23 that Defendant Ford made no misstatements at all, re-emphasized that Openwave's Linda
24 Rodenzo was a party to Defendant Whitney's communications, and added some unparticularized
25 allegations about when the misstatements were allegedly made (*e.g.*, "at other times before the
26 auctions"). FAC, ¶ 56. The FAC still fails to provide particularized details about Defendant
27 Whitney's alleged misstatements, including *what* she actually said, *where* and *when* she made the

28     [6] *See* Decl. of John K. Ly, Ex. A (redline of FAC against original complaint).

statements, and *why* her statements were false when made. Its scant additions fail to satisfy Rule 9(b), and the first four claims should be dismissed on that basis alone.[7]

*First*, Openwave fails to allege any "specific content" of Defendant Whitney's alleged statements to Ms. Rodenzo. Rather than quote or synopsize Defendant Whitney's statements made during these communications, Openwave pleads only the most vague and conclusory statements. FAC, ¶ 53(a)-(b). Although Openwave alleges that it was told that (i) ARS were low-risk, highly liquid investments that were suitable under Openwave's Investment Policy, and (ii) the market for ARS was a true, liquid "market," it does not allege what Defendant Whitney *said* with any reasonable degree of precision. It is unclear whether she stated, "the market for ARS is a true and liquid market," or, for example, "the ARS market has been functioning without many auction failures for over twenty years."[8] Indeed, the only quoted language in the amended complaint is to Openwave's Investment Policy (FAC ¶ 37), not to any defendant's statements. Such imprecise pleading does not satisfy Rule 9(b), as it is impossible to discern exactly what representations Defendant Whitney made. An "impressionistic approach to pleading fraud [is] deficient." *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1247–48 (N.D. Cal. 1998) (dismissing complaint because, "[r]ather than 'stating with particularity' the content of the alleged fraud, pursuant to Fed. R. Civ. P. 9(b) . . . plaintiff repackages defendants' actual oral statements in vague and impressionistic terms"); *see also Copperstone v. TCSI Corp.*, No. 97-3495, 1999 WL 33295869, at *9 (N.D. Cal. Jan. 19, 1999) (paraphrased statements such as "Company ha[s] a number of highly profitable deals pending" are "too amorphous" and "lack the particularity

---

[7] The Court has affirmed the rule that a complaint sounds in fraud where it alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." June 6th Order at 5, *citing In re Daou Sys. Inc.*, 411 F.3d at 1006 (9th Cir. 2005), *quoting Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). See D&O Defendants' Mot. to Dismiss (filed concurrently) at 7, n.4.

[8] Stated differently, Openwave's lack of specificity means that "a true, liquid "'market'" is undefined and implies that a "true" market was a market that was failure-proof and could not include any participation from Lehman. FAC, ¶ 54 (a)-(e). Such conclusory allegations are insufficient to maintain Openwave's claims under Sections 25504, as Lehman's participation in the auction process was disclosed on its website and the market for ARS became illiquid due to a unforeseen and unprecedented credit crisis. Openwave's supposed bases for making this allegation are unavailing. FAC ¶¶ 39, 55, Ex. B. The alleged "admission" from Kevin Laurie that Lehman was holding ARS in its own account and statements that Lehman participated in the auctions were disclosed to Openwave. FAC, ¶ 39.

required by Rule 9(b)"); *In re Alliance North American Government Income Trust, Inc. Sec. Litig.*, No. 95-0330, 1996 WL 551732, at *10 (S.D.N.Y. Sept. 27, 1996) (allegations that "recorded statements made available through an 800 number 'reassured investors that the assets of the Fund were secure,'" were insufficient under Rule 9(b) because they did not allege the specific statements that were made).

*Second*, Openwave fails to allege which misstatements occurred during which communications, making it impossible to determine the timing of each alleged misrepresentation. Instead, it suggests that Defendant Whitney made *exactly* the same alleged misrepresentations during *each* of the following communications she allegedly had with Ms. Rodenzo:

- "the powerpoint presentation on or about December 2, 2005,"

- "communications [in] mid-December 2005" on the Investment Policy,

- "before Openwave purchased the ARS" at issue on May 4, 2006, May 31, 2006, December 13, 2006, December 28, 2006, December 29, 2006, February 5, 2007, February 14, 2007, April 10, 2007, May 15, 2007, July 6, 2007 and August 1, 2007,

- "at other times before the auctions,"

- "on or about the dates that Openwave transferred cash to Lehman," namely on or about December 13, 2005, May 2, 2006, and July 17, 2006, and

- "in the quarterly performance reviews . . . occurring approximately once every three months from January 2006 through November 2007."

FAC, ¶ 56. In essence, Openwave appears to allege that Defendant Whitney mechanically repeated each of the alleged misrepresentations during a minimum of *twenty-three separate communications*. This allegation is both absurd and patently insufficient under Rule 9(b). *Cf. U.S. ex rel. Smith v. The Boeing Co.*, No. 05-1073, 2006 WL 542851, at *3-4 (D. Kan. Feb. 27, 2006) (complaint did not meet heightened pleading requirements of 9(b) despite identifying 32 transactions because blanket allegations of false claims and documents connected to those transactions were too vague).

1       *Third*, Openwave's pleading as to where the alleged misrepresentations took place is
2 likewise elusive. The FAC adds no new facts, instead continuing to equivocate between
3 Openwave's office, a nearby restaurant, written communications, and/or telephonic
4 communications. FAC, ¶ 56. Such alternative possibilities do not comply with Rule 9(b). *See,*
5 *e.g., Lululemon USA, Inc. v. 108 N. State Retail, LLC*, No. 09-1560, 2009 WL 1732103, at *3
6 (N.D. Ill. June 17, 2009) (dismissing fraud claim because plaintiff failed to allege "not only
7 whether the alleged misrepresentations were oral or written but also whether they were made in
8 person, by phone, or by some other medium" and "failed to identify the place in which the alleged
9 misrepresentations were made").

10       *Finally*, Openwave has failed to adequately allege that these statements were false when
11 made. *See In re Glenfed, Inc. Sec. Lit.*, 42 F.3d 1541, 1548–49 (9th Cir. 1994) ("plaintiff must set
12 forth what is false or misleading about a statement and why it is false"); *In re Stac Elecs. Sec.*
13 *Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996) (complaint must explain why the statement was "false
14 and misleading *when made*") (emphasis in original). In fact, the FAC itself demonstrates that the
15 statements about the ARS market being low-risk and liquid were *not* false when made. As
16 Openwave alleges, "[f]rom 1984, when Lehman invented ARS, through August 2007, 'failed
17 auctions,' in which there were insufficient purchase orders, were nonexistent or virtually
18 nonexistent." FAC, ¶ 42. When Defendant Whitney allegedly made her statements—*before* the
19 initial auction failures—the ARS market had been thriving for *twenty-three years* without any
20 significant instance of failed auctions.[9] Thus, at the time the statements were made, ARS *were*
21 low-risk investments trading in a highly liquid market. As such—even if Openwave has

---

[9] Allegations about the falsity of statements about ARS' compliance with Openwave's Investment Policy are likewise deficient. Openwave contends that the Investment Policy provides: (i) "[a]ny security purchased must have an active and liquid resale market, and (ii) "approved auction rate securities must have a 'maximum maturity date' . . . of three years." FAC ¶ 37. As to the first claimed requirement, a statement of compliance with the Investment Policy was not false if, at the time of the statement, there *was* an active and liquid resale market. As to the second claimed requirement, the Investment Policy expressly states that "for securities that have put or reset dates, the put date or reset date will be used instead of the final maturity date for compliance with the maturity guidelines." FAC Ex. A at 3. Each ARS sold to Openwave had reset dates of 7 to 28 days, FAC ¶ 55, well within investment policy parameters. Openwave's claims that its ARS purchases did not comply with its Investment Policy plainly miss the mark.

somehow satisfied the particularity requirement—the FAC does not allege any statements that, at the time they were made, were false.

### B. Openwave Fails to Plead Sufficient Facts to State a Claim Against Defendants Ford and Whitney Under California Corporations Code Section 25504.

For this portion of the Motion, the Broker Employee Defendants join Sections II and III(A)-(B) of the D&O Defendants' Motion to Dismiss as Openwave fails to adequately plead an underlying violation of Section 25401 and 25501. Section 25401, enacted as part of the Corporate Securities Law of 1968, prohibits the making of any material misrepresentation in connection with the offer or sale of a security in California. Cal. Corp. Code § 25401.[10] Section 25501 creates civil liability and a private right of action upon which to sue for a Section 25401 violation. *Id.* § 25501.[11] Section 25504 provides vicarious or secondary liability for controlling persons, associates, and agents who *materially aid* in a prohibited transaction. *Id.* § 25504 (emphasis added.)[12] Openwave's claim that the Broker Employee Defendants violated Section 25504 lacks merit because Openwave cannot adequately plead: (i) an underlying

---

[10] Section 25401 provides, in relevant part, as follows:

> It is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

[11] Section 25501 provides, in relevant part, as follows:

> Any person who violates Section 25401 shall be liable to the person who purchases a security from him . . . unless the defendant [i] proves that the plaintiff knew the facts concerning the untruth or omission or [ii] that the defendant exercised reasonable care and did not know (or if he had exercised reasonable care would not have known) of the untruth or omission. . . . .

[12] Section 25504 provides, in relevant part, as follows:

> Every person who directly or indirectly controls a person liable under Section 25501[,] . . . every person occupying a similar status or performing similar functions[,] . . . and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

violation of Sections 25401 / 25501, or (ii) that the Broker Employee Defendants materially aided in a violation of Section 25401.[13]

### 1. Openwave Fails to Plead that the Broker Employee Defendants Materially Aided the Scheme Because It Has Not Pleaded A False Statement.

Openwave alleges that Defendants Ford and Whitney materially aided LBI through their alleged misrepresentations and/or omissions to further a global scheme to sell unsuitable ARS to Openwave. This claim misses the mark. Openwave cannot maintain a claim against any defendant under Section 25504 because its has not pleaded adequate facts to establish a violation of Section 25501. *See* June 6th Order at 8, n.5; FAC, ¶¶ 80-86, 93-99. Specifically, Section 25504 establishes that certain persons may be jointly and severally liable with others who have committed violations of Section 25401. Cal. Corp. Code §§ 25401, 25501, 25504. Secondary liability under Section 25504 is predicated on the existence of *primary* liability under Sections 25401, 25501. *See In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 459 (9th Cir. 1984) ("Section 25504, by its terms, applies to violations of section 25501") As discussed in Section III(A) above (and in the D&O Defendants' Motion to Dismiss), Openwave has not adequately pleaded the existence of an "untrue statement of material fact or [or omission of] material fact" with particularity, or the presence of a scheme to defraud Openwave and other investors existed.

### 2. Openwave Fails to Plead That the Broker Employee Defendants Materially Aided the Scheme Because It Has Not Pleaded Facts Sufficient to Show Knowledge.

Secondary liability under Section 25504 requires, among other things, that Defendants Ford and Whitney had "actual knowledge of the false or misleading nature of the statement" or "knowledge of facts that gave [Defendants Ford and Whitney] reasonable grounds to know that the statement was false or misleading, whether or not [they] believed it to be so." Marsh & Volk § 14.03[4][c] at 14-25. Avoiding entirely this threshold, Openwave offers instead only boilerplate allegations that all of the defendants—including Defendants Ford and Whitney—were

---

[13] Section 25504 subjects "every employee of a person so liable who materially aids in the act or transaction constituting the violation" to joint and several liability with persons who are *primarily* liable under Section 25401.

fully aware of LBI's "concealment of the true cause of the failures." *See, e.g.,* FAC, ¶ 73. Although Openwave posits that all of the defendants had "superior access to and control of specific facts," *id.*, ¶ 67, the FAC makes no attempt to show that Defendants Ford and Whitney knew or had reason to know about the alleged misrepresentations and omissions, including, among other things, Lehman's "artificial support" of and "substantial manipulation" of the ARS market. *Id.*, ¶ 54. "Were it otherwise, a section 25504 violation would be a strict liability offense in which a broker-dealer would be liable for a seller's false or misleading statements regardless of the state of the broker-dealer's knowledge." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 252-53 (2007); *see also Durham v. Kelly*, 810 F.2d 1500, 1505 (1987) (refusing to impose liability on wife of corporate president under § 25504 where plaintiffs failed to demonstrate that wife had knowledge that husband was guilty of misrepresentation or concealed material facts in violation of California securities laws).[14]

### C. Openwave Fails to Plead the Requisite Facts Against the Broker Employee Defendants for Its Remaining Claims.

Openwave falls far short of alleging any specific facts to state claims for negligent misrepresentation or concealment that can meet the requirements set forth in Rule 9(b). *See* June 6th Order at 13-14.

#### 1. Openwave Fails to Allege Specific Facts to State a Claim for Negligent Misrepresentation.

Openwave cannot state a claim for negligent misrepresentation. As discussed in Section III(A) above, Openwave fails to state with particularity the specific time, place, and content of the alleged false statements. Specifically, Openwave claims that Defendant Whitney made two affirmative misstatements: (i) ARS were low-risk, highly liquid investments, and (ii) the market for ARS was a true "market," rather than an artificially manipulated one. FAC, ¶ 53. The FAC contains a list of three alleged communications in one paragraph that fail to sufficiently

---

[14] "Aiding" should require some knowledge. Cal. Corp. Code § 25401.5 ("Any person who materially assists in any violation of . . . 25401 . . . with intent to deceive or defraud") (emphasis added); *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1325-26 (8th Cir. 1991) (defining "materially aided" under similar statute and implying that defendant had to know that statements were false when made to be liable).

1  allege the time, place, or identities of the parties to these alleged misrepresentations. Nor does
2  Openwave explain why each of the statements was made without a reasonable ground for
3  believing it to be true.

### 2. **Openwave Fails to Allege Specific Facts to State a Claim for Fraudulent Concealment**

As to the fraudulent concealment claim, the Broker Employee Defendants join Section II(A)-(B) and Section IV(B)(4) of the D&O Defendants' Motion to Dismiss as Openwave cannot establish a fraudulent concealment claim when the information in question is publicly available. Public disclosure of information pursuant to the 2006 SEC Order wholly undermines Openwave's attempt to establish a duty on the part of the Broker Employee Defendants to disclose important facts regarding ARS, or the alleged breach of such a duty. *See* FAC, ¶ 109. Further, Openwave does not adequately plead facts showing that the Broker Employee Defendants acted intentionally to induce Openwave to rely on their alleged omissions. Indeed, Openwave is unable to allege facts establishing the existence of a fraudulent scheme to manipulate the ARS market, let alone, that Broker Employee Defendants knew about such a scheme but failed to disclose material facts to Openwave. *See* D&O Defs. Mot. to Dism., § II.

Openwave also claims Defendant Ford intentionally concealed important facts from Openwave. FAC, ¶ 109(b). Yet, Openwave can make only general averments that Defendant Ford "was directly responsible for the Openwave account," and "knew of the type of misrepresentations" that were made. FAC, ¶¶ 57-58. The assertion that Defendant Ford failed to disclose "material facts" in a "letter" sent to Openwave to confirm purchases of ARS are equally without basis. *Id.*, ¶ 60. One sentence long, this allegation not only fails to explain the time, place, or content of the alleged false statements, it seeks to unfairly transform a routine trade confirmation sent from LBI into an example of non-disclosure from Defendant Ford. To the extent that Openwave seeks to create the impression that Openwave did not understand the key features of ARS and the auction process, its public disclosures suggest otherwise. Accordingly this Court should dismiss Openwave's claim for fraudulent concealment.

## IV. CONCLUSION

For each of the foregoing reasons, the Broker Employee Defendants request that this Court dismiss all of the claims alleged against them in the First Amended Complaint.

Dated: August 14, 2009

Respectfully submitted,

JONES DAY

By: _____/s/_____
    Philip E. Cook

Attorneys for Defendants
TIM FORD and MELISSA CONROY WHITNEY