1   Philip E. Cook (State Bar No. 149067)
        pcook@jonesday.com
2   John K. Ly (State Bar No. 247477)
        jly@jonesday.com
3   JONES DAY
    555 South Flower Street
4   Fiftieth Floor
    Los Angeles, CA  90071-2300
5   Telephone:     (213) 489-3939
    Facsimile:     (213) 243-2539
6
    Attorneys for Defendants
7   TIM FORD AND MELISSA CONROY WHITNEY

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12
    **OPENWAVE SYSTEMS INC.,**            **Case No. CV-08-05683 SI**
13
                **Plaintiff,**            **DEFENDANTS TIM FORD AND**
14                                        **MELISSA CONROY WHITNEY'S**
        v.                                **REPLY TO OPENWAVE'S**
15                                        **OPPOSITION**
    **RICHARD S. FULD, JR., et al.**
16                                        Date:          October 30, 2009
                **Defendants.**           Time:          9:00 a.m.
17                                        Judge:         Hon. Susan Illston
                                          Courtroom:     10, 19th Floor
18

19

20

21

22

23

24

25

26

27

28

LAI-3051626v3                    Defs. Ford and Whitney's Reply Mem.
                                                 iso Motion to Dismiss FAC
                                                 Case No. CV 08-05683 SI

## I.     __INTRODUCTION__

In its Opposition, Openwave claims to have cured in its First Amended Complaint ("FAC") all of the pleading deficiencies identified in the Court's June 6, 2009 Order.  Rather than add the kind of facts required to comply with that Order, however, Openwave continues to rely on the same implausible and unspecific allegations contained in its original complaint.  For instance, Openwave *could* have provided facts linking the roles of each Defendant to the alleged fraudulent scheme.  Instead, Openwave continues to make conclusory allegations that Defendants are liable for authorizing and participating in a secret, world-wide ARS market manipulation scheme that lasted more than twenty-years.  Opp. at 1.  Similarly, Openwave *could* have provided details about the two alleged misrepresentations (*i.e.*, ARS were low-risk, highly liquid investments and the ARS market for ARS was a true, liquid "market")—such as their time, place, or nature.  Instead, Openwave now implausibly claims, among other things, that Defendant Whitney mechanically uttered the two alleged misrepresentations on *each and every* communication with Openwave.  Opp. at 9.

In short, Openwave's FAC contains fatal pleading deficiencies and the Court should dismiss all claims with prejudice for three reasons.  *First*, Openwave does not plead sufficient facts regarding Defendant Whitney's alleged affirmative misrepresentations, a requirement for all four causes of action against the Broker Employee Defendants.  *Second*, Openwave's claim that Defendants violated provisions of the California Corporations Code fails to allege facts showing that (i) Lehman Brothers Inc. ("LBI") is liable for an underlying violation, and (ii) Defendants knew or had reason to know of the alleged massive conspiracy, assuming it existed.  *Third*, Openwave has not pleaded specific facts to state a claim for either negligent misrepresentation or fraudulent concealment.

## II.     __ARGUMENT__

### A.     __Openwave Must Plead the Alleged Misrepresentations With Particularity.__

Openwave contends that this Court ruled that Openwave sufficiently pleaded the content of specific misstatements and omissions.  Opp. at 6.  But Openwave misconstrues the Court's

June 6th Order, which concluded that Openwave failed to "state with particularity *the circumstances* constituting fraud" under Rule 9(b).[1]  June 6th Order at 6 (emphasis added).  The Order also found that, "aside from Defendant Whitney's December 2, 2005 PowerPoint presentation," the alleged misrepresentations had numerous deficiencies, including (but presumably not limited to) the insufficient allegations concerning "time, place or identities of the parties to the misrepresentation."[2]  *Id.*  Because Openwave's FAC does not even attempt to address the substantial pleading deficiencies for the alleged misrepresentations identified in the June 6th Order, it is reasonable to conclude that Openwave cannot do so, and the Court should dismiss all claims against the Broker Employee Defendants with prejudice.

### B.   Openwave Cannot Plead Any Misrepresentation or Omission With Particularity.

The Opposition fails to address the inadequacies in the FAC regarding Defendant Whitney's alleged affirmative misrepresentations that:  (i) ARS were low-risk, highly liquid investments that were suitable under Openwave's investment policy; and (ii) the market for ARS was a true, liquid "market."  FAC, ¶ 53(a)-(b).[3]  In particular, like the original complaint, the FAC fails to adequately plead:  (i) the misrepresentations were false when made; (ii) the circumstances in which the misleading statements were made, or (iii) the exact content, time, place, and nature of the alleged misrepresentations.  June 6th Order at 5-7; *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).[4]  The Opposition also fails to address the points

---

[1] Although finding that "the complaint identifies the content of *some* specific misstatements and omissions," there is no indication that the Court considered the content of any of the misstatements to be sufficiently pleaded.  *See* June 6 Order at 6 (emphasis added).

[2] Openwave also contends that the Broker Employee Defendants reargue numerous issues already decided by this Court.  Opp. 2.  However, an amended pleading extinguishes the original complaint.  *See, e.g., Gallow v. Smith, No.* 07-01279, 2009 WL 233531, at *2 (E.D. Cal. Jan. 30, 2009) ("amended complaint supersedes the original complaint"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) ("amended complaint supersedes the original, the latter being treated thereafter as non-existent").  Because Openwave filed its FAC following this Court's June 6 Order, the Broker Employee Defendants are entitled to move to dismiss the complaint; a motion for reconsideration is not required.

[3] Openwave alleges four causes of action against the Broker Employee Defendants that include violations of the California Corporations Code Section 25504 (First and Third Causes of Action), Negligent Misrepresentation (Fourth Cause of Action), and Fraudulent Concealment (Fifth Cause of Action).

[4] The Court found that Openwave's claim based on California Corporations Code sections 25401 and 25504 for lack of reasonable care need not comply with Rule 9(b).  However,

raised by the Broker Employee Defendants regarding the implausibility of its assertions.

### 1. Openwave Fails to Plead Facts Showing that the Alleged Misrepresentations Were False When Made.

Openwave argues that the liquidity representations regarding ARS were false when made because market-wide auction failures occurred later. *See* Opp. at 9-10. Yet courts have consistently held that "[a] complaint may not demonstrate that a statement was false or misleading when made, however, 'merely by pointing to later inconsistent statements or conditions.'" *In re Harmonic Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1090 (N.D. Cal. 2001), *citing In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("plaintiff must set forth what is false or misleading about a statement, and why it is false"). Openwave cannot, for example, plead inconsistent *contemporaneous* statements or information—the most direct way of explaining why a statement was false or misleading when made—with sufficient particularity. *Id.* at 1099. And its contention that the eventual auctions failures could somehow "emphasize" that that the alleged misrepresentations were false when made is a non sequitur. Opp. at 10.[5]

Openwave has not alleged that the liquidity representations suggested that the ARS market would *always* be liquid. Nor does Openwave dispute that the ARS market was an "active and liquid resale market" in accordance with its Investment Policy at the time each of its ARS were purchased. Indeed, Openwave freely acknowledges that auction failures were "nonexistent or virtually non-existent" before August 2007. FAC, ¶ 42. And Openwave fails to plead facts sufficient to show that any Defendant participated in a fraudulent scheme to manipulate the ARS market. *See* Director and Officer Defendants' Reply In Further Support of Motion to Dismiss at Sec. II. In light of the fact that Openwave still cannot plead facts showing that the alleged misrepresentations were false when made (or, as discussed below, the circumstances surrounding

---

(continued…)

the Court did not find that Openwave had stated a claim for Section 25401 (a pre-requisite for liability under Section 25504) and listed the pleading deficiencies for the alleged misrepresentations as to all remaining claims.

[5] It is also unclear how (and Openwave provides no explanation) a nine-month time period between most of Openwave's ARS purchases and the failure of the ARS auction market are further support that the statements were false when made. Opp. at 10.

DEFS. FORD AND WHITNEY'S REPLY MEM.
ISO MOTION TO DISMISS FAC
CASE NO. CV 08-05683 SI

the alleged misrepresentations), the Court must dismiss the FAC.  *See, e.g., In re Glenfed, Inc.
Sec. Lit.*, 42 F.3d at 1548–49 ("plaintiff must set forth what is false or misleading about a
statement, and why it is false").[6]

### 2.  Openwave Fails to Allege Circumstances in Which the Misrepresentations Took Place.

Rather than address the deficiencies in the FAC, Openwave's Opposition seeks to create
the illusion of specificity by simply reshuffling its insufficient allegations.  In its original
complaint, Openwave made the conclusory and vague allegations that the misrepresentations
occurred in one or more of various communications.  *See* Compl., ¶ 43.  The Court found such
vague pleading insufficient.  June 6th Order at 6 (Openwave must plead "time, place, and specific
content" of each alleged misstatement).

To comply with its pleading burden, Openwave should have identified the specific
communications in which Defendant Whitney made the alleged misstatements, providing the time
when and the location where it occurred.  Instead, Openwave's panacea is to allege that
Defendant Whitney made the alleged misstatements in *all* of the communications.  In other
words, Openwave claims that Defendant Whitney, alone, mechanically repeated the two supposed
misrepresentations at least *twenty-three times* during *each and every* communication between
Openwave and Defendant Whitney.  FAC, ¶ 36.  Responding to the patent absurdity of these
allegations, the Opposition concedes that its FAC does not contain the actual alleged
misstatements, but sets forth the "core of what Defendant Whitney and Ms. Rodezo were
discussing . . . ."  Opp. at 9.  Openwave also fails to specify the medium of the communications.
Instead, it only asserts that the communications occurred at one of three possible locations (*i.e.*,
Openwave's offices, a "nearby" restaurant to Openwave's offices, and in "office
communications").  *See* Opp. at 9; FAC, ¶ 36.  Such vague and conclusory allegations are
insufficient to state a claim.

---

[6] Openwave claims that Defendants can introduce evidence *at trial* to establish that the
representations were not false when made.  This argument misses the mark.  Numerous cases hold
that Openwave has the burden to plead facts sufficient to show that why the statement was false
when made.  *See, e.g., In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996) (complaint
must explain why the statement was "false or misleading *when made*") (emphasis in original).

### 3. Openwave Allegations Are Impressionistic.

Openwave's Opposition confirms that its pleading is "impressionistic." *See*, *e.g.*, *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1247–48 (N.D. Cal. 1998) (dismissing complaint because, "[r]ather than 'stating with particularity' the content of the alleged fraud, pursuant to Fed. R. Civ. P. 9(b) . . . plaintiff repackages defendants' actual oral statements in vague and impressionistic terms").[7] Openwave never quotes Defendant Whitney in its FAC; rather, it simply parrots requirements from its Investment Policy without giving her the requisite notice of what it claims she actually said. Opp. at 9; *see also In re Stac Elec. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) (purpose of Rule 9(b) is to give defendants adequate notice to allow them to defend against specific statements and omissions). For instance, Openwave claims that ARS, when "properly disclosed," were "long-term, illiquid investments." Opp. at 7. Yet Openwave acknowledges that ARS had an active and liquid resale market for more than two decades, and there had only been a handful of auction failures prior to 2007.[8] As a publicly-traded company led by sophisticated financial managers, Openwave suggests—but never alleges—that it did not realize that ARS had 30-45 year repayment terms (or perpetual repayment terms). Thus, Openwave cannot plead specific facts showing why ARS were not "low-risk, highly liquid investments." FAC, ¶ 47.

Further, Openwave's assertion that Defendant Whitney's alleged statement that the ARS market was a true, liquid market was misleading in light of LBI's purported market manipulation does not provide any specificity to its claims. Opp. at 7. Openwave fails to allege any specific facts that show *how* this manipulation worked, and *what* role each Defendant had in the

---

[7] Plaintiff's attempt to dismiss the Broker Employee Defendants' cases on impressionistic pleading as decided under the PSLRA is spurious. Opp. at 8. Both courts explicitly held that such impressionistic pleading violated Rule 9(b) as well as the Reform Act. *See Wegner*, 2 F. Supp. 2d at 1246 ("The allegations lack the specificity required by Rule 9(b) and the Reform Act."); *Copperstone v. TCSI Corp.*, No. 97-3495 SBA, 1999 WL 33295869, at *9 (N.D. Cal. Jan. 19, 1999) ("Rather than 'stating with particularity' the content of the alleged fraudulent statements, as required by Fed. R. Civ. P. 9(b) . . . Plaintiffs repackage most of Defendants' oral statements in vague and impressionistic terms.").

[8] Openwave also claims that ARS were unsuitable because repayment terms violated the three-year maturity date maximum in its Investment Policy. FAC, ¶ 79. However, the Investment Policy expressly states that "[f]or securities that have put or reset dates, the put date or reset date will be used instead of the final maturity date for compliance with the maturity deadlines." *See* RJN, Ex. B at III(B). By alleging reset dates of 7, 14 or 35 days (FAC, ¶ 33), Openwave admits that ARS complied with this Investment Policy requirement.

DEFS. FORD AND WHITNEY'S REPLY MEM.
ISO MOTION TO DISMISS FAC
CASE NO. CV 08-05683 SI

"supposed" manipulation.  *See* June 6th Order at 6-7; *In re Citigroup Auction Rate Sec. Litig.*,

2009 U.S. Dist. LEXIS 83046, No. 08 Civ. 3095, *17 (S.D.N.Y. Sept. 11, 2009) (dismissing

plaintiff's ARS market manipulation claims because of Complaint's failure to include specific

allegations regarding "which Defendants performed what manipulative acts at what time and with

what effect," and instead relying on general and conclusory allegations regarding defendants'

ARS auction practices).[9]  To the extent that Openwave contends that it did not know that LBI

participated in the ARS market, such a claim is belied by LBI's disclosures to Openwave.  FAC,

Ex. C ("Lehman is permitted, but not obligated, to submit orders in auctions for its own account

either as a buyer or seller and routinely does so in the auction rate securities market in its sole

discretion . . . .").  Without specifics, Openwave's claims remain "impressionistic" and therefore

not actionable.

>    **C.      Openwave Fails to State a Claim Under the California Corporations Code.**

Openwave also fails to state a claim under the California Corporations Code

section 25504 because it cannot plead facts sufficient to show that:  (i) LBI committed an

underlying violation of Section 25401, and (ii) that the Broker Employee Defendants materially

aided LBI.

>    **1.      Openwave Has Not Established an Underlying Violation of
>              Section 25401 Against LBI.**

Openwave's "straightforward" application (Opp. at 10) of the California Corporations

Code sections 25401, 25501, and 25504 ignores the way these statutes work.[10]  Secondary

liability under Section 25504 is predicated on the existence of *primary* liability under

sections 25401 and 25501.  *See In re Diasonics Sec. Litig.*, 599 F. Supp. 447, 459 (N.D. Cal.

1984) ("Section 25504, by its terms, applies to violations of section 25501.").  In its FAC,

Openwave does not allege facts sufficient to show that LBI—a bankrupt and unnamed party to

---

[9] The court also found that plaintiff failed to state a claim of market manipulation because plaintiff did not allege any specific economic harm as a result of defendants' conduct in connection with the sale of ARS.  *In re Citigroup Auction Rate Sec. Litig.*, 2009 U.S. Dist. LEXIS 83046, No. 08 Civ. 3095 at *16.

[10] The June 6th Order observed that it was unclear whether Openwave seeks to hold Defendants primarily liable under section 25401 or secondarily liable under section 25504.  *See* June 6th Order at 8, n.5.  Openwave clarified its position in the FAC and asserts that Defendants are only *secondarily* liable under section 25504.  FAC, ¶¶ 80-86, 90-99.

1   this action—is *primarily* liable under sections 25401 and 25501.[11]  Without pleading and proving

2   an underlying violation of sections 25401 and 25501 on the part of LBI, the Broker Employee

3   Defendants cannot be liable under section 25504.

                **2.**      **Openwave Fails to Allege Facts Showing that the Broker Employee Defendants Materially Aided LBI.**

       Openwave cannot allege with the requisite particularity that the Broker Employee

Defendants materially aided LBI through misstatements, omissions, and conduct.  *First*, as

discussed above, Openwave cannot plead sufficient facts to establish that there was an untrue

statement of a material fact.  *Second*, Openwave's contention that it "does not need to plead

knowledge with particularity" (Opp. at 11-12) is contrary to law.  *See Apollo Capital Fund LLC v.

Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 256 (2007) (requiring plaintiff to plead facts

showing knowledge and state of mind, and not just conclusory allegations that they had

knowledge or the state of mind in securities fraud case under 25504).  "Aiding" should

require some knowledge.  Cal. Corp. Code § 25401.5 ("Any person who materially assists in any

violation of . . . 25401 . . . with intent to deceive or defraud"); *Arthur Young & Co. v. Reves*, 937

F.2d 1310, 1325-26 (8th Cir. 1991) (defining "materially aided" under similar statute and

implying that defendant had to know that statements were false when made to be liable).[12]  If

Openwave's general allegations of knowledge and intent *could* meet the pleading requirements

under Rules 8 and 9(b), it would subject every employee who had any involvement in a sale of

the securities to strict liability under section 25504.  *Apollo* at 256-57. [13]

---

    [11] Openwave also has not pleaded privity with the requisite particularity.  Although the Court asked Openwave to "more specifically allege privity" (June 6th Order at 8), Openwave has been unable to do so, relying solely on "information and belief" to establish privity in its FAC.  *See*, *e.g.*, FAC, ¶ 83.

    [12] Federal legislation has addressed similar concerns regarding individual liability, and requires that plaintiffs plead specific facts showing a strong inference that the defendant had the requisite knowledge and state of mind in making misrepresentations and/or omissions in class actions involving the sale of securities.  Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737 (1995).

    [13] Openwave's claim that the May 2006 SEC Settlement required the Broker Employee Defendants to make further disclosures regarding ARS "on a going forward" basis (Opp. at 12) is unfounded.  LBI provided Openwave (and all other clients) access to disclosures made in accordance with the May 2006 SEC Settlement.

1    *Finally*, Openwave's allegations that Defendant Ford violated section 25504 when he

2    "made implicit misrepresentations each time he reviewed ARS" (Opp. at 12) is without merit.

3    Openwave fails to identify the circumstances constituting these "implied misrepresentations,"

4    including the time, place, or nature of the conduct.  Openwave also relies on vague and general

5    averments that Defendant Ford "was directly responsible for the Openwave account," and that he

6    "knew of the type of misrepresentations."  FAC, ¶ 57.  Accordingly, Openwave fails to state a

7    claim for violations of the California Corporations Code.

8            **D.    Openwave Fails to State a Claim for Negligent Misrepresentation.**

9            As discussed above in Section II(B), Openwave's claim for negligent misrepresentation

10   must also fail because it cannot meet the requirements of Rule 9(b).  June 6th Order at 7.

11   Openwave has failed to plead sufficient facts regarding the content of the misrepresentations as

12   well as the times and places in which the alleged misrepresentations occurred.  In addition, the

13   FAC does not explain with particularity why each misrepresentation was false when made.  Thus,

14   Openwave does not and cannot allege that Defendant Ford made any misrepresentation, and he

15   must be dismissed from this claim.

16           **E.    Openwave Fails to State a Claim for Fraudulent Concealment.**

17           Openwave asserts that the Broker Employee Defendants are liable for fraudulent

18   concealment "because Defendant Whitney made affirmative misstatements and neither Whitney

19   nor Ford . . . disclosed additional facts necessary to materially qualify the misstatements

20   [Whitney] made."  Opp. at 13.  As discussed above in Section II(B), Openwave's claim for

21   fraudulent concealment must be dismissed as the alleged misrepresentations do not meet the

22   requirements of Rule 9(b).  With respect to the alleged omissions, Openwave does not allege with

23   sufficient particularity that Defendants failed to disclose material information regarding ARS.[14]

24           Openwave's Opposition also borders on the implausible with respect to the fraudulent

25           [14] Openwave suggests that the Broker Employee Defendants' purchase of two different
     ARS approximately one month before auction failures arouses suspicions sufficient to establish a
26   claim for fraudulent concealment.  Opp. at 14.  But this presumes that the Broker Employee
     Defendants invested Openwave's funds into ARS when they knew or should have known that the
27   ARS market was going to fail.  In fact, just the opposite is true.  ARS purchases by the Broker
     Employee Defendants so close in time to auction failures serve only to *reinforce* the
28   unpredictable and unprecedented nature of ARS market-wide failures.

LAI-3051626v3

                                        - 8 -

1   concealment claim.  For example, Openwave makes the conclusory allegations that the Broker

2   Employee Defendants knew of (but failed to correct) Defendant Whitney's misstatements

3   regarding ARS before each auction was held (*i.e.*, every 7 or 28 days).  Opp. at 13.  Thus,

4   according to Openwave, the Broker Employee Defendants would be liable if they did not disclose

5   all "additional facts" regarding ARS for the hundreds, if not thousands, of ARS auctions that took

6   place over the years in which Openwave held ARS at LBI.  Openwave's contention that the

7   disclosures regarding ARS were insufficient is also meritless.  *See* Director and Officer

8   Defendants' Reply In Further Support of Motion to Dismiss at Sec. IV(C).

9         Further, Openwave mischaracterizes the Broker Employee Defendants' position.

10   Openwave claims that the Broker Employee Defendants assert that they were not part of the D&O

11   Defendants' fraudulent plan.  To the contrary, the Broker Employee Defendants join the D&O

12   Defendants in positing that Openwave has not pleaded sufficient facts that show that a fraudulent

13   scheme ever *existed* in the first place.  *See* Director and Officer Defendants' Reply In Further

14   Support of Motion to Dismiss at Sec. II.  Rather than acknowledge that the ARS market and

15   material features of ARS were known to Openwave, it steadfastly maintains that there was some

16   world-wide conspiracy to manipulate the ARS market.

17   **III.**   **CONCLUSION**

18
19         For each of the foregoing reasons, together with those set forth in their moving papers,

20   Defendants Ford and Whitney request that the Court dismiss both of the claims alleged against

them in the FAC, and grant their motion in its entirety.

21
22   Dated: October 2, 2009                          Respectfully submitted,

23                                                    JONES DAY
24
25   By: _____/s/_____
                Philip E. Cook
26
27   Attorneys for Defendants
     TIM FORD and MELISSA CONROY
     WHITNEY
28